ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2023-Jan-27  11:20:54
60CV-23-694
C06D12 : 46 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## _____ DIVISION

**TARA MARIE STICKLEY**                                                      **PLAINTIFF**

v.                              **NO. _____**

**GEICO ADVANTAGE INSURANCE COMPANY**                          **DEFENDANT**

## COMPLAINT

COMES NOW the Plaintiff, Tara Marie Stickley, by and through her attorneys, RAINWATER, HOLT & SEXTON, P.A., and for her Complaint against the Defendant, GEICO Advantage Insurance Company, states and alleges the following:

### I. RESIDENCY & PARTIES

1.      Plaintiff Tara Marie Stickley **("Plaintiff")** was at all times relevant a citizen and resident of Little Rock, Pulaski County, Arkansas.

2.      Defendant GEICO Advantage Insurance Company **("Defendant")** was at all times relevant a foreign corporation registered and licensed to sell insurance in the State of Arkansas. Defendant's principal address is One GEICO Plaza, Washington, DC, 20076, and its registered agent for service of process in Arkansas is CT Corporation System, 124 West Capitol Avenue, Little Rock, Arkansas 72201.

1

3.    Plaintiff and Defendant entered into an insurance policy contract with uninsured motorists (**"UM"**) coverage. Said insurance policy contract was entered into by Plaintiff and Defendant in Pulaski County, Arkansas.

4.    The incident giving rise to this cause of action occurred on North Rodney Parham Road in Pulaski County, Arkansas.

## II. JURISDICTION AND VENUE

5.    This Court has jurisdiction pursuant to ARK. CODE ANN. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

6.    This claim is also brought pursuant to this Court's jurisdiction over breach of contract claims, such jurisdiction is granted by ARK. CODE ANN. §§ 16-13-201 and 16-56-111.

7.    Venue is proper pursuant to ARK. CODE ANN. § 23-79-204, which provides that actions brought in this state by an insured against an insurer as to a loss occurring or benefits or rights provided under an insurance policy shall be brought in either the county in which the loss occurred or the county of the insured's residence at the time of the loss. In this case, the loss occurred in Pulaski County, which is also the Plaintiff's (insured's) place of residence at the time of loss. Therefore, venue is proper in Pulaski County.

## III. BASIC PREMISE

8.    This is a breach of contract case which arises from a written motor vehicle insurance policy contract entered into by the parties in Pulaski County, Arkansas. Said underlying insurance policy contract contains UM coverage up to $100,000.00. Despite Plaintiff's demand

2

to Defendant to make a reasonable offer of settlement pursuant to the policy contract's terms and conditions, Defendant has refused Plaintiff's request and demand.

## IV. FACTS

9.      On or about January 12, 2021, at approximately 7:13 p.m., Plaintiff was operating her 2013 Toyota Prius southbound on N. Rodney Parham Rd. in the right-hand left turn lane (out of two left turn lanes), at its stoplight with Markham Street, waiting to turn left to go eastbound on Markham Street in Little Rock, Pulaski County, Arkansas.

10.     Plaintiff and her 2013 Prius she was driving on January 12, 2021 were insured by Defendant under a written motor vehicle insurance policy contract, Policy No. 6046-58-33-39 (**"Policy Contract"**).  Pursuant to the written Policy Contract, Plaintiff agreed to pay certain premiums for insurance coverage. At all times relevant to this action, Plaintiff timely paid the premiums required.

11.     At the same time Plaintiff was at the stoplight in the outside turning lane on N. Rodney Parham Road, an unknown tortfeasor (**"Tortfeasor"**) was traveling North in the outside turning lane of North Rodney Parham Road, in a Kia Soul, directly behind Plaintiff.

12.     Tortfeasor negligently caused the front of the Kia Soul he was driving to strike the rear of Plaintiff's 2013 Prius, actually and proximately causing injuries and damages to Plaintiff. Tortfeasor fled the scene immediately thereafter.

13.     After a diligent inquiry into the identity of Tortfeasor and/or whether Tortfeasor was uninsured at the time of the collision, counsel for Plaintiff has been unable to identify, obtain, or confirm the existence of an applicable auto insurance policy which insured Tortfeasor on the date of the crash.

3

14.    Tortfeasor was negligent in the following particulars:

    a.  Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of ARK. CODE ANN. § 27-51-104(a);

    b.  Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of ARK. CODE ANN. § 27-51-104(a), (b)(6) & (b)(8);

    c.  Driving at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in violation of ARK. CODE ANN. § 27-51-201(a)(1);

    d.  Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of ARK. CODE ANN. § 27-51-104(b)(6);

    e.  Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of ARK. CODE ANN. § 27-51-104(b)(8);

    f.  Following too closely to Plaintiff's vehicle, more closely than is reasonable and prudent, failing to have due regard for the speed of vehicles and the traffic upon the highway, in violation of ARK. CODE ANN. § 27-51-305(a);

    g.  Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

    h.  Failing to keep his vehicle under control, in violation of the common law of Arkansas;

    i.  Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

    j.  Driving too close to another vehicle, in violation of the common law of Arkansas; and,

    k.  Failing to properly stop in violation of ARK. CODE ANN. § 27-51-601;

    l.  Failing to obey traffic-control signals in violation of ARK. CODE ANN. § 27-52-107; and,

    m.  Otherwise failing to exercise ordinary care under the circumstances.

15.     As a result of the collision, Plaintiff sustained personal injuries and damages.

## V. <u>CAUSE OF ACTION – BREACH OF CONTRACT</u>

16.     At the time of the incident complained of herein, Plaintiff had in effect with Defendant the Policy Contract, which includes UM coverage.  Pursuant to Rule 10 of the Arkansas Rules of Civil Procedure, a certified copy of the Policy Contract with Defendant is attached hereto as **Exhibit "A"**.

17.     The Policy Contract provided that, in the event Plaintiff should be involved in an incident caused by the negligence of an uninsured motorist, her damages would be compensated in an amount not to exceed the limits of said underlying UM coverage (i.e., $100,000.00).

18.     Plaintiff paid an additional premium to Defendant for this coverage, and Defendant accepted this premium.

19.     Tortfeasor did not have an effective policy of automotive liability insurance at the time of the collision wherein Plaintiff was injured.

20.     Under the terms of the Policy Contract, Tortfeasor was an uninsured motorist.

21.     Under the terms of the Policy Contract, Defendant has a duty to pay benefits to Plaintiff in a sum consistent with her damages, subject to limits.

22.     To date, Plaintiff's past medical expenses are $24,889.00.

23.     Plaintiff has requested reasonable settlement offers and that Defendant pay within the underlying UM limits of $100,000.00, pursuant to the terms of the Policy Contract, but Defendant has refused the Plaintiff's request and demand.

24.    As a part of its valuation process, Defendant has devalued the Plaintiff's claims and has not fully considered some and/or all of the medical expenses that Plaintiff has incurred, expenses incurred due to Tortfeasor's negligent actions and/or omissions.

25.    There is no legitimate legal basis for Defendant's continuing failure to comply with the terms of the Policy Contract.  Thus, Defendant is in breach of the Policy Contract.

## VI.  **PROXIMATE CAUSATION**

26.    Tortfeasor's negligent actions and/or omissions actually and proximately caused the collision described herein and Plaintiff's resultant injuries and damages.

27.    Defendant's refusal to pay a reasonable settlement under the UM coverage of the Policy Contract is the actual and proximate cause of the breach of the Policy Contract between the Plaintiff and Defendant, and Plaintiff's damages related hereto.

## VII.  **INJURIES AND COMPENSATORY DAMAGES**

28.    All of the allegations previously plead herein are re-alleged as though stated word-for-word.

29.    Plaintiff sustained personal injuries as a result of the January 12, 2021 collision described herein.

30.    Plaintiff is entitled to the following damages:

(a)    the nature, extent, duration, and permanency of her injuries;

(b)    the full extent of the injuries she sustained;

(c)    the expense of her medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

(d)    any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

(e)     the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future;

(f)     the inability to participate in and/or enjoy her livelihood, hobbies, and recreational activities in the past and reasonably certain to be unable to participate in and/or enjoy in the future; and

(g)     the visible results of her injuries.

(h)     any property damages she sustained.

31.     Additionally, Plaintiff is entitled to damages in the amount of 12% of the awarded damages from the uninsured motorist claim, plus a reasonable attorney's fee for the prosecution and collection of the loss, pursuant to ARK. CODE ANN. § 23-79-208, and pre and post judgment interest, and costs and expenses for prosecuting said claims.

32.     The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## VIII.  DEMAND FOR JURY TRIAL

33.     Plaintiff hereby demands a trial by jury.

## IX. DEMAND & PRAYER

34.    WHEREFORE, Plaintiff demands and prays that she recover judgment against Defendant for the uninsured motorist benefits of $100,000.00; pre and post judgment interest at the maximum rate allowed by law; for all expenses and costs; 12% penalty of the awarded damages pursuant to ARK. CODE ANN. § 23-79-208; reasonable attorney fees; and, for all other relief to which she may be entitled.

Respectfully Submitted,

Attorneys for Plaintiff

By:    *Eric A. McEnerney*
Eric McEnerney (Ark. Bar No. 2020278)
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR  72222
Telephone:    (501) 868-2500
Telefax:    (501) 868-2505
E-mail:    emcenerney@rainfirm.com;

8

C E R T I F I E D

I, I. Pacheco C., Claims Coverage Underwriter of Geico Advantage Insurance Company a corporation organized and existing under the laws of the state of Nebraska, do hereby certify that the attached Policy Declarations Page was printed from records retained in our computer data files. The amendments, endorsements, and policy contract are standard forms with information particular to this policy. Attached is a copy of policy contract number 6046-58-33-39 in the name of TARA MARIE STICKLEY for New Business effective 01-10-21, issued on 01-11-21, and in effect on 01-12-21.

_____
I.    Pacheco C.
Claims Coverage Underwriter

December 21, 2022





**GEICO.**
**geico.com**

Tel: 1-800-841-3000

**GEICO Advantage Insurance Company**
One GEICO Center
Macon, GA 31295-0001

# Declarations Page
This is a description of your coverage.
Please retain for your records.

## Policy Number: 6046-58-33-39
## Coverage Period:
01-10-21 through 07-10-21
Based on local time at the address of the named insured,
your coverage began at the later of 12:01am on 01-10-21, or
when initial payment was received, and will expire at
12:01am on 07-10-21.

Date Issued: January 11, 2021

TARA MARIE STICKLEY
5331 B ST
LITTLE ROCK AR  72205-3509

Email Address: tarastickley@gmail.com

| Named Insured | Additional Drivers |
|---|---|
| Tara Marie Stickley | None |

| Vehicle | VIN | Vehicle Location | Finance Company/ Lienholder |
|---|---|---|---|
| 1 2018 Toyota Prius C | JTDKDTB37J1604937 | LITTLE ROCK AR 72205-3509 | TOYOTA FINANCIAL SERVICES |

| Coverages* | Limits and/or Deductibles | Vehicle 1 |
|---|---|---|
| Bodily Injury Liability Each Person/Each Occurrence | $100,000/$300,000 | $73.22 |
| Property Damage Liability | $50,000 | $122.82 |
| Medical Benefits | $5,000 | $36.10 |
| Uninsured Motorists Bodily Injury Each Person/Each Occurrence | $100,000/$300,000 | $19.62 |
| Uninsured Motorist Property Damage | $25,000 $200 Ded | $21.77 |
| Underinsured Motorist Each Person/Each Occurrence | $100,000/$300,000 | $15.74 |
| Comprehensive (Excluding Collision) | $50 Ded | $118.51 |
| Collision | $250 Ded | $246.75 |
| Emergency Road Service | Full | $4.88 |
| Rental Reimbursement | $30 Per Day $900 Max | $10.58 |

**Total Six Month Premium** $669.99

\*Coverage applies where a premium or $0.00 is shown for a vehicle.

If you elect to pay your premium in installments, you may be subject to an additional fee for each installment. The fee amount will be shown on your billing statements and is subject to change.

---

**Discounts**

**The total value of your discounts is** $177.87

| | |
|---|---|
| Anti-Theft | $12.70 |
| Restraint | $15.47 |
| Anti-Lock Brake | $12.99 |
| Seat Belt | $1.90 |
| Good Driver | $67.40 |
| Persistency | $67.41 |

**The following discounts have also been applied**

| | |
|---|---|
| Driving Experience | Included |
| Financial Responsibility | Included |

---

**Contract Type:**   FAMILY

**Contract Amendments:** ALL VEHICLES - A30AR(06-13) A54AR(04-15) A54ED(03-14)

**Unit Endorsements:**   UE316B(06-13) (VEH 1); A48(04-15) (VEH 1); A449(04-15) (VEH 1); A190(04-15) (VEH 1); A115(04-08) (VEH 1); A431(05-11) (VEH 1)

## Important Policy Information

- Active Duty, Guard, Reserve or Retired Military: Call 1-800-MILITARY to see if you qualify for the Military Discount.

- Reminder - Physical damage coverage will not cover loss for custom options on an owned automobile, including equipment, furnishings or finishings including paint, if the existence of those options has not been previously reported to us. This reminder does NOT apply in VIRGINIA, however, in Virginia coverage is limited for custom furnishings or equipment on pick-up trucks and vans but you may purchase coverage for this equipment. Please call us at 1-800-841-3000 or visit us at geico.com if you have any questions.

## Important Policy Information

- A credit or discount has been applied to this policy: Anti-Theft. A credit or discount has been applied to this policy: Restraint. A credit or discount has been applied to this policy: Anti-Lock Brake. A credit or discount has been applied to this policy: Seat Belt. A credit or discount has been applied to this policy: Good Driver. A credit or discount has been applied to this policy: Driving Experience. A credit or discount has been applied to this policy: Financial Responsibility. A credit or discount has been applied to this policy: Persistency.

- We welcome you to our GEICO family in the Auto Voluntary B20 rate program.

- The 2018 TOYOTA has been added to your policy.

- Coverages and/or limits were changed as you requested and/or due to state requirements. Please review your coverages carefully. Our service representatives are happy to answer any of your questions. You may call 1-800-841-3000.

- Confirmation of coverage has been sent to your lienholder and/or additional insured.

- Claims incurred while an insured vehicle is being used to carry passengers for hire may not be covered by this contract. Please review the contract for a full list of exclusions and contact us if you plan to use any of your insured vehicles for this purpose.

- Your previous policy was terminated because the required payment was not received in time to stop the policy cancellation action in progress. We have reissued your policy with a lapse of coverage.

- A premium charge of $33.50 is included in your total premium for the Upgraded Accident Forgiveness benefit.

- Your policy includes the Upgraded Accident Forgiveness benefit, which waives the surcharge associated with the first at-fault accident by any driver on your policy.

- We have added Emergency Road Service to your 2018 TOYOTA. In the event you need road-side assistance, please call 1-800-42-GEICO and an operator will dispatch a tow truck to assist you.

- Since we expedited the mailing of your policy papers, the payment schedule may not reflect your most recent payment.

- 2018 TOYOTA PRIUS C JTDKDTB37J1604937 Issued 2021-01-10 as of 04:23:21 PM EST/EDT.

# GEICO

**ONE GEICO PLAZA**
**Washington, D. C. 20076-0001**
**Telephone: 1-800-841-3000**

# Arkansas Family Automobile Insurance Policy

GEICO Advantage Insurance Company

**NOTICE**
**In the repair of your covered motor vehicle under the physical damage coverage provisions of this policy, we may require or specify the use of motor vehicle parts not made by the original manufacturer.  These parts are required to be at least equal in terms of fit, quality, performance, and warranty to the original manufacturer parts they replace.**

# POLICY INDEX

Page                                                            Page

## SECTION I
### Liability Coverages
### Your Protection Against Claims From Others
Definitions.................................................... 3
Losses We Will Pay For You................................. 3
Additional Payments We Will Make Under The
Liability Coverages............................................ ... 3
    Legal Expenses And Court Costs
    Bail And Appeal Bonds
    First Aid Expenses
Exclusions: When Section I Does Not Apply .......... 4
Persons Insured: Who Is Covered ......................... 4
Financial Responsibility Laws ................................ 4
Out Of State Insurance ........................................ 4
Limits Of Liability ................................................ 5
Other Insurance................................................... 5
Conditions .......................................................... 5
    Notice
    Two Or More Autos
    Assistance And Cooperation Of The Insured
    Action Against Us
    Subrogation

## SECTION II
### Automobile Medical Payments Coverage
### Protection For You And Your Passengers For Medical
### Expenses
Definitions ......................................................... 5
Payments We Will Make ....................................... 5
Exclusions: When Section II Does Not Apply ......... 6
Limit Of Liability ................................................. 6
Other Insurance................................................... 6
Conditions .......................................................... 6
    Notice
    Two Or More Autos
    Action Against Us
    Medical Reports - Proof And Payment Of Claims
    Subrogation

## SECTION III
### Physical Damage Coverages
### Your Protection For Loss Of Or Damage To Your Car
Definitions.......................................................... 6
Losses We Will Pay .............................................. 7
Comprehensive Coverage ................................... 7
Collision Coverage .............................................. 7
Additional Payments We Will Make Under The
    Physical Damage Coverages ........................... 7
    Car Rental If Your Car Is Stolen
Exclusions: When The Physical Damage
    Coverages Do Not Apply.................................. 8
Limit Of Liability ................................................. 8
Other Insurance................................................... 8

Conditions............................................................. 8
    Notice
    Two Or More Autos
    Assistance And Cooperation Of The Insured
    Action Against Us
    Insured's Duties In Event Of Loss
    Appraisal
    Payment Of Loss
    No Benefit To Bailee
    Subrogation

## SECTION IV
### Uninsured Motorists Coverage
### Your Protection For Injuries Caused By Uninsured
### And Hit And Run Motorists
Definitions ......................................................... 9
Losses We Pay .................................................... 9
Exclusions: When Section IV Does Not Apply ..... 9
Limits Of Liability ............................................... 9
Other Insurance................................................... 9
Trust Agreement.................................................. 10
Conditions............................................................. 11
    Notice
    Assistance And Cooperation Of The Insured
    Action Against Us
    Proof Of Claim - Medical Reports
    Payment Of Loss

## SECTION V
### General Conditions
### The Following Apply To All Coverages In This Policy
Territory - Policy Period ....................................... 11
Premium.............................................................. 11
Changes ............................................................. 11
Assignment......................................................... 12
Cancellation By The Insured................................ 12
Cancellation By Us.............................................. 12
Cancellation By Us Is Limited.............................. 12
Renewal.............................................................. 12
Other Insurance................................................... 13
Dividend Provision .............................................. 13
Declarations........................................................ 13
Fraud And Misrepresentation............................... 13
Examination Under Oath...................................... 13
Terms Of Policy Conformed To Statutes ............. 13

## SECTION VI
### Amendments And Endorsements
Special Endorsement
    United States Government Employees ...............13

Whenever, "he," "his," "him," "himself" appears in this policy, you may read "she," "her," "hers," or "herself."

## AGREEMENT

We, the Company named in the declarations attached to this policy, make this agreement with you, the policyholder. Relying on the information you have furnished and the declarations attached to this policy and if you pay your premium when due, we will do the following:

### SECTION I

### Liability Coverages Your Protection Against Claims From Others Bodily Injury Liability Property Damage Liability

### DEFINITIONS

The words italicized in Section I of this policy are defined below.

**1.** *Auto business* means the business of selling, repairing, servicing, storing, transporting or parking of autos.

**2.** *Bodily injury* means bodily injury to a person, including resulting sickness, disease or death.

**3.** *Farm auto* means a truck type vehicle with a load capacity of 2000 pounds or less, not used for commercial purposes other than farming.

**4.** *Insured* means a person or organization described under PERSONS INSURED.

**5.** *Non-owned auto* means an automobile or *trailer* not owned by or furnished for the regular use of either *you* or a *relative*, other than a *temporary substitute auto*. An auto rented or leased for more than 30 days will be considered as furnished for regular use.

**6.** *Owned auto* means:
   (a) a vehicle described in this policy for which a premium charge is shown for these coverages;
   (b) a *trailer* owned by *you*;
   (c) a *private passenger*, *farm* or *utility auto*, ownership of which *you* acquire during the policy period, if
      (i) it replaces an *owned auto* as defined in (a) above; or
      (ii) we insure all *private passenger*, *farm* and *utility autos* owned by *you* on the date of the acquisition, and *you* ask us to add it to the policy no more than 30 days later;
   (d) a *temporary substitute auto*.

**7.** *Private passenger auto* means a four-wheel private passenger, station wagon or jeep-type auto.

**8.** *Relative* means a person related to *you* who resides in *your* household

**9.** *Temporary substitute auto* means an automobile or *trailer*, not owned by *you*, temporarily used with the permission of the owner. This vehicle must be used as a substitute for the *owned auto* or *trailer* when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.

**10.** *Trailer* means a trailer designed to be towed by a *private passenger auto*, if not being used for business or commercial purposes with a vehicle other than a *private passenger auto*, *farm auto* or *utility auto*.

**11.** *Utility auto* means a vehicle, other than a *farm auto*, with a load capacity of 2000 pounds or less of the pick-up body, van or panel truck type not used for commercial purposes.

**12.** *War* means armed conflict between nations, whether or not declared, civil war, insurrection, rebellion or revolution.

**13.** *You* means the policyholder named in the declarations and his or her spouse if a resident of the same household.

### LOSSES WE WILL PAY FOR YOU

### UNDER SECTION I

Under Section I, we will pay damages which an *insured* becomes legally obligated to pay because of:

**1.** *bodily injury*, sustained by a person, and;

**2.** damage to or destruction of property, arising out of the ownership, maintenance or use of the *owned auto* or a *non-owned auto* . We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit.

### ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY COVERAGES

**1.** All investigative and legal costs incurred by us.

**2.** All court costs charged to an *insured* in a covered law suit.

**3.** All interest accruing after entry of a judgment on that amount of a judgment which represents our limit of liability, until we have paid, offered or deposited in court that part of the judgment not exceeding the limit of liability.

**4.** Premiums for appeal bonds in a suit we appeal, or premiums for bonds to release attachments; but the face amount of these bonds may not exceed the applicable limit of our liability.

**5.** Premiums for bail bonds paid by an *insured* due to traffic law violations arising out of the use of an insured auto, not to exceed $250 per bail bond.

**6.** Costs incurred by any *insured* for first aid to others at the time of an accident involving an insured auto.

**7.** Loss of earnings up to $50 a day, but not other income, if we request an *insured* to attend hearings and trials.

**8.** All reasonable costs incurred by an *insured* at our request.

## EXCLUSIONS

### When Section I Does Not Apply

We will not defend any suit for damage if one or more of the exclusions listed below applies.

**1.** *Bodily injury* to any *insured* or any *relative* of an *insured* residing in his household is not covered.

**2.** Section I does not apply to any vehicle used to carry passengers or goods for hire. However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

**3.** *Bodily injury* or property damage caused intentionally by or at the direction of an *insured* is not covered.

**4.** We do not cover *bodily injury* or property damage that is insured under a nuclear liability policy.

**5.** *Bodily injury* or property damage arising from the operation of farm machinery is not covered.

**6.** *Bodily injury* to an employee of an *insured* arising out of and in the course of employment by an *insured* is not covered.

However, *bodily injury* of a domestic employee of the *insured* is covered unless benefits are payable or are required to be provided under a workers' or workmen's compensation law.

**7.** We do not cover *bodily injury* to a fellow employee of an *insured* if the fellow employee's *bodily injury* arises from the use of an auto while in the course of employment and if workers' compensation or other similar coverage is available. We will defend *you* if suit is brought by a fellow employee against *you* alleging use, ownership or maintenance of an auto by *you*.

**8.** We do not cover an *owned auto* while used by a person (other than *you* or a *relative*) when he is employed or otherwise engaged in the *auto business*.

**9.** A *non-owned auto* while maintained or used by any person is not covered while such person is employed or otherwise engaged in (1) any *auto business*; (2) any other business or occupation of any *insured*, except a *private passenger auto* used by *you* or *your* chauffeur or domestic servant while engaged in such other business.

However, coverage does apply to a *non-owned private passenger auto* used by *you*, *your* chauffeur or a domestic servant, while engaged in the business of an *insured*.

**10.** We do not cover damage to:

(a) property owned, operated or transported by an *insured*; or

(b) property rented to or in charge of an *insured* other than a residence or private garage.

**11.** We do not cover an auto acquired by *you* during the policy term, if *you* have purchased other liability insurance for it.

**12.** We do not cover:

(a) the United States of America or any of its agencies;

(b) any person, including *you*, if protection is afforded under the provisions of the Federal Tort Claims Act.

## PERSONS INSURED

### Who Is Covered

Section I applies to the following as *insureds* with regard to an *owned auto* :

**1.** *you* and *your relatives*;

**2.** any other person using the auto with *your* permission. The actual use must be within the scope of that permission;

**3.** any other person or organization for his or its liability because of acts or omissions of an *insured* under 1.or 2. above.

Section I applies to the following with regard to a *non-owned auto* :

**1.** (a) *you*;

(b) *your relatives* when using a *private passenger auto*, *farm auto* or *utility auto* or *trailer*.

Such use by *you* or *your relatives* must be with the permission, or reasonably believed to be with the permission, of the owner and within the scope of that permission;

**2.** a person or organization, not owning or hiring the auto, regarding his or its liability because of acts or omissions of an *insured* under 1. above.

The limits of liability stated in the declarations are our maximum obligations regardless of the number of *insureds* involved in the occurrence.

## FINANCIAL RESPONSIBILITY LAWS

When this policy is certified as proof of financial responsibility for the future under the provisions of a motor vehicle financial responsibility law, this liability insurance will comply with the provisions of that law. The *insured* agrees to reimburse us for payments made by us which we would not have had to make except for this agreement.

## OUT OF STATE INSURANCE

When the policy applies to the operation of a motor vehicle outside of *your* state, we agree to increase *your* coverages to the extent required of out-of-state motorists by local law. This additional coverage will be reduced to the extent that *you* are protected by another insurance policy. No person can be paid more than once for any item of loss.

## LIMITS OF LIABILITY

Regardless of the number of autos or **trailers** to which this policy applies:

1. The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of our liability for all damages, including damages for care and loss of services, because of **bodily injury** sustained by one person as the result of one occurrence.

2. The limit of such liability stated in the declarations as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of our liability for all such damages, including damages for care and loss of services, because of **bodily injury** sustained by two or more persons as the result of any one occurrence.

3. The limit of property damage liability stated in the declarations as applicable to "each occurrence" is the total limit of our liability for all damages because of injury to or destruction of the property of one or more persons or organizations, including the loss of use of the property as the result of any one occurrence.

## OTHER INSURANCE

If the **insured** has other insurance against a loss covered by Section I of this policy, we will not owe more than our pro-rata share of the total coverage available.

Any insurance we provide for a vehicle **you** do not own shall be excess over any other valid and collectible insurance. However, it shall be primary if the **temporary substitute auto** or other motor vehicle is provided by a duly licensed automobile dealer for demonstration purposes or as a replacement while the insured auto is out of use because of its breakdown, service or repair.

## CONDITIONS

The following conditions apply to Section I:

1. NOTICE

As soon as possible after an occurrence, written notice must be given us or our authorized agent stating:

   (a) the identity of the **insured**;
   (b) the time, place and details of the occurrence;
   (c) the names and addresses of the injured, and of any witnesses; and
   (d) the names of the owners and the description and location of any damaged property.

If a claim or suit is brought against an **insured**, he must promptly send us each demand, notice, summons or other process received.

2. TWO OR MORE AUTOS

If this policy covers two or more autos, the limit of coverage applies separately to each. An auto and an attached **trailer** are considered to be one auto.

3. ASSISTANCE AND COOPERATION OF THE INSURED

The **insured** will cooperate and assist us, if requested:

(a) in the investigation of the occurrence;
(b) in making settlements;
(c) in the conduct of suits;
(d) in enforcing any right of contribution or indemnity against any legally or responsible person or organization because of **bodily injury** or property damage;
(e) at trials and hearings;
(f) in securing and giving evidence; and
(g) by obtaining the attendance of witnesses.

Only at his own cost will the **insured** make a payment, assume any obligation or incur any cost other than for first aid to others.

4. ACTION AGAINST US

No suit will lie against us:

   (a) unless the **insured** has fully complied with all the policy's terms and conditions, and
   (b) until the amount of the **insured's** obligation to pay has been finally determined, either:
      (i) by a final judgment against the **insured** after actual trial; or
      (ii) by written agreement of the **insured**, the claimant and us.

A person or organization or the legal representative of either, who secures a judgment or written agreement, may then sue to recover up to the policy limits.

No person or organization, including the **insured**, has a right under this policy to make us a defendant in an action to determine the **insured's** liability.

Bankruptcy or insolvency of the **insured** or his estate will not relieve us of our obligations.

5. SUBROGATION

When payment is made under this policy, we will be subrogated to all the **insured's** rights of recovery against others. The **insured** will help us to enforce these rights. The **insured** will do nothing after loss to prejudice these rights.

This means we will have the right to sue for or otherwise recover the loss from anyone else who may be held responsible.

## SECTION II

## Auto Medical Payments

## Protection For You And Your Passengers For Medical Expenses

## DEFINITIONS

The definitions of terms shown under Section I apply to this Coverage. In addition, under this Coverage, **occupying** means in or upon or entering into or alighting from.

## PAYMENTS WE WILL MAKE

Under this Coverage, we will pay all reasonable expenses actually incurred by an **insured** within one year from the date of accident for necessary medical, surgical, x-ray, dental services, prosthetic devices, ambulance, hospital, professional nursing and funeral services. The one year limit does not apply to funeral services.

This Coverage applies to:

**1.** *you* and each *relative* who sustains *bodily injury* caused by accident:

   (a) while *occupying* the *owned auto*; or

   (b) while *occupying* a *non-owned auto* if *you* or *your relative* reasonably believe *you* have the owner's permission to use the auto and the use is within the scope of that permission; or

   (c) when struck as a pedestrian by an auto or *trailer*.

**2.** any other person who sustains *bodily injury* caused by accident while *occupying* the *owned auto* while being used by *you*, a resident of *your* household, or other persons with *your* permission.

## EXCLUSIONS

### When Section II Does Not Apply

**1.** There is no coverage for *bodily injury* sustained by any occupant of an *owned auto* used to carry passengers or goods for hire. However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

**2.** There is no coverage for an *insured* while *occupying* a vehicle located for use as a residence or premises.

**3.** *You* and *your relatives* are not covered for *bodily injury* sustained while *occupying* or when struck by:

   (a) a farm-type tractor or other equipment designed for use principally off public roads, while not upon public roads; or

   (b) a vehicle operated on rails or crawler-treads.

**4.** There is no coverage for persons employed in the *auto business*, if the accident arises out of that business and if benefits are required to be provided under a workers' compensation law.

**5.** There is no coverage for *bodily injury* sustained due to *war*.

**6.** The United States of America or any of its agencies are not covered as an *insured*, a third party beneficiary, or otherwise.

### LIMIT OF LIABILITY

The limit of liability for medical payments stated in the declarations as applying to "each person" is the limit we will pay for all costs incurred by or on behalf of each person who sustains *bodily injury* in one accident. This applies regardless of the number of persons insured or the number of autos or *trailers* to which this policy applies.

### OTHER INSURANCE

If the *insured* has other medical payments insurance against a loss covered by Section II of this policy, we will not owe more than our pro rata share of the total coverage available.

Any insurance we provide to a person who sustains *bodily injury* while *occupying* a vehicle *you* do not own shall be excess over any other valid and collectible insurance.

## CONDITIONS

The following conditions apply to this Coverage:

**1.** NOTICE

As soon as possible after an accident, written notice must be given us or our authorized agent stating:

   (a) the identity of the *insured*;

   (b) the time, place and details of the accident; and

   (c) the names and addresses of the injured, and of any witnesses.

**2.** TWO OR MORE AUTOS

If this policy covers two or more autos, the limit of coverage applies separately to each. An auto and an attached *trailer* are considered to be one auto.

**3.** ACTION AGAINST US

Suit will not lie against us unless the *insured* has fully complied with all the policy terms.

**4.** MEDICAL REPORTS - PROOF AND PAYMENT OF CLAIMS

As soon as possible, the injured person or his representative will furnish us with written proof of claim, under oath if required. After each request from us, he will give us written authority to obtain medical reports and copies of records.

The injured person will submit to an examination by doctors chosen by us and at our expense as we may reasonably require.

We may pay either the injured person, the doctor or other persons or organizations rendering medical services. These payments are made without regard to fault or legal liability of the *insured*.

**5.** SUBROGATION

When we make a payment under this coverage, we will be subrogated (to the extent of payment made by us) to the rights of recovery the injured person or anyone receiving the payments may have against any person or organization. Such person will do whatever is necessary to secure our rights and will do nothing to prejudice them.

## SECTION III

### Physical Damage Coverages

### Your Protection For Loss Or Damage To Your Car

### DEFINITIONS

The definitions of the terms *auto business, farm auto, private passenger auto, relative, temporary substitute auto, utility auto, you* and *war* under Section I apply to Section III also. Under this Sec tion, the following special definitions apply:

**1.** *Actual cash value* is the replacement cost of the auto or property less *depreciation* or *betterment*.

**2.** *Betterment* is improvement of the auto or property to a value greater than its pre-loss condition.

**3.** *Collision* means *loss* caused by upset of the covered auto or its collision with another object, including an attached vehicle.

**4.** *Depreciation* means a decrease or loss in value to the auto or property because of use, disuse, physical wear and tear, age, outdatedness or other causes.

**5.** *Insured* means:

   (a) regarding the *owned auto*:

      (i) *you* and *your relatives;*

      (ii) a person or organization maintaining, using or having custody of the auto with *your* permission, if his use is within the scope of that permission.

   (b) regarding a *non-owned auto*; *you* and *your relatives*, using the auto, if the actual operation or use is with the permission or reasonably believed to be with the permission of the owner and within the scope of that permission.

**6.** *Loss* means direct and accidental loss of or damage to:

   (a) the auto, including its equipment; or

   (b) other insured property.

**7.** *Non-owned auto* means a *private passenger auto*, *farm auto* or *utility* auto or *trailer* not owned by or furnished for the regular use of either *you* or *your relatives*, except a *temporary substitute auto*. *You* or *your relative* must be using the auto or trailer within the scope of permission given by its owner. An auto rented or leased for more than 30 days will be considered as furnished for regular use.

**8.** *Owned auto* means:

   (a) any vehicle described in this policy for which a specific premium charge indicates there is coverage;

   (b) a *private passenger auto*, *farm auto* or *utility auto* or a *trailer*, ownership of which is acquired by *you* during the policy period; if

      (i) it replaces an *owned auto* as described in (a) above, or

      (ii) we insure all *private passenger auto*, *farm auto*, *utility autos* and *trailers* owned by *you* on the date of such acquisition and *you* request us to add it to the policy within 30 days afterward;

   (c) a *temporary substitute auto*.

**9.** *Trailer* means a trailer designed for use with a *private passenger auto* and not used as a home, office, store, display or passenger trailer.

## LOSSES WE WILL PAY FOR YOU

### Comprehensive (Excluding *Collision*)

**1.** We will pay for each *loss*, less the applicable deductible, caused other than by *collision*, to the *owned auto* or *non-owned auto*. This includes breakage of glass and *loss* caused by:

| | |
|---|---|
| (a) missiles; | (j) windstorm; |
| (b) falling objects; | (k) hail; |
| (c) fire; | (l) water; |
| (d) lightning; | (m) flood; |
| (e) theft; | (n) malicious mischief; |
| (f) larceny; | (o) vandalism; |
| (g) explosion; | (p) riot; or |
| (h) earthquake; | (q) civil commotion. |
| (i) colliding with a bird or animal; | |

No deductible will apply to *loss* caused by fire, lightning, smoke, smudge, or damage sustained while the vehicle is being transported on any conveyance.

At the option of the *insured*, breakage of glass caused by *collision* may be paid under the Collision Coverage, if included in the policy.

**2.** We will pay, up to $200 per occurrence, less any deductible shown in the declarations, for *loss* to personal effects due to:

| | |
|---|---|
| (a) fire; | (e) falling objects; |
| (b) lightning; | (f) earthquake; or |
| (c) flood; | (g) explosion. |
| (d) theft of the entire automobile; | |

The property must be owned by *you* or a *relative*, and must be in or upon an *owned auto*.

No deductible will apply due to *loss* by fire or lightning.

**3.** *Losses* arising out of a single occurrence shall be subject to no more than one deductible.

### Collision

**1.** We will pay for *collision loss* to the *owned auto* or *non-owned auto* for the amount of each *loss* less the applicable deductible.

**2.** We will pay up to $200 per occurrence, less the applicable deductible, for *loss* to personal effects due to a *collision*. The property must be owned by *you* or a *relative*, and must be in or upon an *owned auto*.

**3.** *Losses* arising out of a single occurrence shall be subject to no more than one deductible.

**4.** No deductible will apply to *loss* to an *owned auto* or *non-owned auto*, provided at the time of *loss*:

   (a) the *owned auto* or *non-owned auto* is covered by both the Uninsured Motorists and Collision coverages of this policy; and

   (b) the *loss* is caused by an uninsured auto whose operator:

      (i) is positively identified; and

      (ii) is solely at fault for the *loss.*

## ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE PHYSICAL DAMAGE COVERAGES

**1.** We will reimburse the *insured* for transportation expenses incurred during the period beginning 48 hours after a theft of the entire auto covered by Comprehensive Coverage under this policy has been reported to us and the police. Reimbursement ends when the auto is returned to use or we pay for the *loss.*

Reimbursement will not exceed $20 per day nor $600 per *loss*.

**2.** We will pay general average and salvage charges for which the *insured* becomes legally liable when the auto is being transported.

**3.** We will pay for *loss* to any of the following equipment (including *loss* to accessories and antennas):

    (a) car phone;

    (b) citizen's band radio;

    (c) two-way mobile radio;

    (d) scanning monitor receiver; or

    (e) device designed for the recording and/or reproduction of sound.

We will pay only if the equipment at the time of *loss*:

    (a) is permanently installed in or upon an *owned auto*; and

    (b) that auto is insured under the appropriate coverage.

**EXCLUSIONS**

**When The Physical Damage Coverages Do Not Apply**

**1.** An auto used to carry passengers or goods for hire is not covered. However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

**2.** *Loss* due to *war* is not covered.

**3.** We do not cover *loss* to a *non-owned auto* when used by the *insured* in the *auto business*.

**4.** There is no coverage for *loss* caused by and limited to wear and tear, freezing, mechanical or electrical breakdown or failure, unless that damage results from a covered theft.

**5.** Tires, when they alone are damaged by *collision*, are not covered.

**6.** *Loss* due to radioactivity is not covered.

**7.** *Loss* to any tape, wire, record disc or other medium for use with a device designed for the recording and/or reproduction of sound is not covered.

**8.** We do not cover *loss* to any radar detector.

**9.** We do not cover *trailers* when used for business or commercial purposes with vehicles other than *private passenger auto, farm auto* or *utility autos*.

**LIMIT OF LIABILITY**

The limit of our liability for *loss*:

**1.** is the *actual cash value* of the property at the time of the *loss*;

**2.** will not exceed the cost to repair or replace the property, or any of its parts, with other of like kind and quality and will not include compensation for any diminution in the property's value that is claimed to result from the *loss*;

**3.** to personal effects arising out of one occurrence is $200;

**4.** to a *trailer* not owned by *you* is $500;

**5.** for custom options is limited to the *actual cash value* of equipment, furnishings or finishings (including paint) installed in or upon the vehicle only by the auto factory or an authorized auto dealer and included in the purchase price of the vehicle.

*Actual cash value* of property will be determined at the time of the *loss* and will include an adjustment for *depreciation/betterment* and for the physical condition of the property.

**OTHER INSURANCE**

If the *insured* has other insurance against a *loss* covered by Section III, we will not owe more than our pro-rata share of the total coverage available.

Any insurance we provide for a vehicle *you* do not own shall be excess over any other valid and collectible insurance. However, it shall be primary if the *temporary substitute auto* or other motor vehicle is provided by a duly licensed automobile dealer for demonstration purposes or as a replacement while the insured auto is out of use because of breakdown, service or repair.

**CONDITIONS**

The following conditions apply only to the Physical Damage Coverages:

**1.** NOTICE

As soon as possible after a *loss*, written notice must be given us or our authorized agent stating:

    (a) the identity of the *insured;*

    (b) a description of the auto or *trailer;*

    (c) the time, place and details of the *loss*; and

    (d) the names and addresses of any witnesses.

In case of theft, the *insured* must promptly notify the police.

**2.** TWO OR MORE AUTOS

If this policy covers two or more autos or *trailers*, the limit of coverage and any deductibles apply separately to each.

**3.** ASSISTANCE AND COOPERATION OF THE *INSURED*

The *insured* will cooperate and assist us, if requested:

    (a) in the investigation of the *loss*;

    (b) in making settlements;

    (c) in the conduct of suits;

    (d) in enforcing any right of subrogation against any legally responsible person or organization;

    (e) at trials and hearings;

    (f) in securing and giving evidence; and

    (g) by obtaining the attendance of witnesses.

**4. ACTION AGAINST US**

Suit will not lie against us unless the policy terms have been complied with and until 30 days after proof of loss is filed and the amount of *loss* is determined.

**5. *INSURED'S* DUTIES IN EVENT OF *LOSS***

In the event of *loss* the *insured* will:

(a) protect the auto, whether or not the *loss* is covered by this policy. Further *loss* due to the *insured's* failure to protect the auto will not be covered. Reasonable expenses incurred for this protection will be paid by us.

(b) file with us, within 91 days after *loss*, his sworn proof of loss including all information we may reasonably require. This condition is waived unless we furnish forms of proof of loss to any person claiming to have a *loss* under this policy for completion by that person within 20 days after a *loss* has been reported to us.

(c) At our request, the *insured* will exhibit the damaged property.

**6. APPRAISAL**

If we and the *insured* do not agree on the amount of *loss*, either may, within 60 days after proof of loss is filed, request an appraisal of the *loss*. If both parties agree to the appraisal, each will select a competent appraiser. The appraisers will select a competent and disinterested umpire.

The appraisers will state separately the *actual cash value* and the amount of the *loss*. If they fail to agree, they will submit the dispute to the umpire. An award in writing of any two will determine the amount of *loss*. We and the *insured* will each pay his chosen appraiser and will bear equally the other expenses of the appraisal and umpire.

This condition is voluntary and non-binding on both parties.

**7. PAYMENT OF *LOSS***

We may at our option:

(a) pay for the *loss*; or

(b) repair or replace the damaged or stolen property.

At any time before the *loss* is paid or the property replaced, we may return any stolen property to *you* or to the address shown in the declarations at our expense with payment for covered damage. We may take all or part of the property at the agreed or appraised value, but there will be no abandonment to us. We may settle claims for *loss* either with the *insured* or the owner of the property.

**8. NO BENEFIT TO BAILEE**

This insurance does not apply directly or indirectly to the benefit of a carrier or other bailee for hire liable for the *loss* of the auto.

**9. SUBROGATION**

When payment is made under this policy, we will be subrogated to all the *insured's* rights of recovery against others. The *insured* will help us to enforce these rights. The *insured* will do nothing after *loss* to prejudice these rights.

This means we will have the right to sue for or otherwise recover the *loss* from anyone else who may be held responsible.

**SECTION IV**

**Uninsured Motorists Coverage**

**Protection For *You* And *Your* Passengers For Injuries Caused By Uninsured And *Hit-And-Run Motorists***

**DEFINITIONS**

The definitions of terms for Section I apply to Section IV, except for the following special definitions:

**1. *Hit-and-run auto*** is a motor vehicle causing *bodily injury* to an *insured* through physical contact with him or with an auto he is *occupying* at the time of the accident and whose operator or owner cannot be identified, provided the *insured* or someone on his behalf:

(a) reports the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles;

(b) files with us within 30 days a statement setting forth the facts of the accident and claiming that he has a cause of action for damages against an unidentified person; and

(c) makes available for inspection, at our request, the auto *occupied* by the *insured* at the time of the accident.

**2. *Insured*** means:

(a) the individual named in the declarations and his or her spouse if a resident of the same household;

(b) *relatives* of (a) above if residents of his household;

(c) any other person while *occupying* an *owned auto*;

(d) any person who is entitled to recover damages because of *bodily injury* sustained by an *insured* under (a), (b), and (c) above.

If there is more than one *insured*, our limit of liability will not be increased.

**3. *Insured auto*** is an auto:

(a) described in the declarations and covered by the bodily injury liability coverage of this policy;

(b) temporarily substituted for an *insured auto* when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction; or

(c) operated by *you* or *your* spouse if a resident of the same household.

But the term *insured auto* does not include:

(i) an auto used to carry passengers or goods for hire, except in a car pool;

(ii) an auto being used without the owner's permission; or

(iii) under subparagraphs (b) and (c) above, an auto owned by or furnished for the regular use of an *insured*.

**4.** *Occupying* means in, upon, entering into or alighting from.

**5.** *Punitive or exemplary damages* means damages that are imposed to punish a wrongdoer and to deter others from similar conduct.

**6.** *State* includes the District of Columbia, the territories and possessions of the United States, and the Provinces of Canada.

**7.** *Uninsured auto* is a motor vehicle which has no bodily injury liability bond or insurance policy applica ble with liability limits complying with the financial responsibility law of the *state* in which the *insured auto* is principally garaged at the time of an accident. This term also includes an auto whose insurer is or becomes insolvent or denies coverage.

The term *uninsured auto* does not include:

(a) an *insured auto*;

(b) an auto owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law;

(c) an auto owned by the United States of America, any other national government, a state, or a political sub-division of any such government or its agencies;

(d) a land motor vehicle or *trailer* operated on rails or crawler-treads or located for use as a residence or premises; or

(e) a farm-type tractor or equipment designed for use principally off public roads, except while used upon public roads.

**LOSSES WE PAY**

Under the Uninsured Motorists Coverage we will pay damages for *bodily injury* caused by accident which the *insured* is legally entitled to recover from the owner or operator of an *uninsured auto* or *hit-and-run auto* arising out of the ownership, maintenance or use of that auto.

**EXCLUSIONS**

**When Section IV Does Not Apply**

**1.** This Coverage does not apply to *bodily injury* to an *insured* if the *insured* or his legal representative has made a settlement or has been awarded a judgment of his claim without our prior written consent.

**2.** *Bodily injury* to an *insured* while *occupying* or through being struck by an *uninsured auto* owned by an *insured* or a *relative* is not covered.

**3.** The Uninsured Motorists Coverage will not benefit any workers' compensation insurer, self insurer, or disability benefits insurer.

**4.** We do not cover the United States of America or any of its agencies as an *insured*, a third party beneficiary or otherwise.

**5.** We do not cover any person while *occupying* a vehicle described in the declarations on which Uninsured Motorists Coverage is not carried.

**6.** Regardless of any other provision of this policy, there is no coverage for *punitive or exemplary damages* under the Uninsured Motorists Coverage of this policy.

**LIMITS OF LIABILITY**

Regardless of the number of autos or *trailers* to which this policy applies:

**1.** The limit of liability for Uninsured Motorists Cover-age stated in the declarations for "each person" is the limit of our liability for all damages, including those for care or loss of services, due to *bodily injury* sustained by one person as the result of one accident.

**2.** The limit of liability stated in the declarations as applicable to "each accident" is, subject to the above provision respecting each person, the total limit of our liability for all such damages, including damages for care and loss of services, because of *bodily injury* sustained by two or more persons as the result of one accident.

**3.** When coverage is afforded to two or more autos, the limits of liability shall apply separately to each auto as stated in the declarations but shall not exceed the highest limit of liability applicable to one auto.

If separate policies with us are in effect for *you* or any person in *your* household, they may not be combined to increase the limit of our liability for a loss.

The amount payable under this Coverage will be reduced by all amounts:

(a) paid by or for all persons or organizations liable for the injury; or

(b) paid or payable under any workers' compensation law, disability benefits law or any similar law.

**OTHER INSURANCE**

When an *insured occupies* an auto not described in this policy, this insurance is excess over any other similar insurance available to the *insured* and the insurance which applies to the *occupied* auto is primary. However, this insurance shall be primary if the *temporary substitute auto* or other motor vehicle is provided by a duly licensed automobile dealer for demonstration purposes or as a replacement while the *insured auto* is out of use because of its breakdown, service or repair.

Except as provided above, if the *insured* has other similar insurance available to him and applicable to the accident, the damages will be deemed not to exceed the higher of the applicable limits of liability of this insurance and the other insurance. If the *insured* has other insurance against a loss covered by the Uninsured Motorist provisions of this policy, we will not be liable for more than our pro-rata share of the total coverage available.

**TRUST AGREEMENT**

When we make a payment under this Coverage:

**1.** We will be entitled to repayment of that amount out of any settlement or judgment the *insured* recovers from any person or organization legally responsible for the *bodily injury*.

**2.** The *insured* will hold in trust for our benefit all rights of recovery which he may have against any person or organization responsible for these damages. He will do whatever is necessary to secure all rights of recovery and will do nothing after the loss to prejudice these rights.

**3.** At our written request, the *insured*, in his own name, will take, through a designated representative, appropriate actions necessary to recover payment for damages from the legally responsible person or organization. The *insured* will pay us out of the recovery for our expenses, costs and attorneys' fees.

**4.** The *insured* will execute and furnish us with any needed documents to secure his and our rights and obligations.

**CONDITIONS**

The following conditions apply only to the Uninsured Motorists Coverage:

**1.** NOTICE

As soon as possible after an accident, notice must be given us or our authorized agent stating:

    (a) the identity of the *insured*;

    (b) the time, place and details of the accident; and

    (c) the names and addresses of the injured, and of any witnesses.

If the *insured* or his legal representative files suit before we make a settlement under this Coverage, he must immediately provide us with a copy of the pleadings.

**2.** ASSISTANCE AND COOPERATION OF THE INSURED

After we receive notice of a claim, we may require the *insured* to take any action necessary to preserve his recovery rights against any allegedly legally responsible person or organization. We may require the *insured* to make that person or organization a defendant in any action against us.

**3.** ACTION AGAINST US

Suit will not lie against us unless the *insured* or his legal representative have fully complied with all the policy terms.

**4.** PROOF OF CLAIM - MEDICAL REPORTS

As soon as possible, the *insured* or other person making claim must give us written proof of claim, under oath if required. This will include details of the nature and extent of injuries, treatment, and other facts which may affect the amount payable.

Proof of claim must be made on forms furnished by us unless we have not furnished these forms within 15 days after receiving notice of claim.

The injured person will submit to examination by doctors chosen by us, at our expense, as we may reasonably require. In the event of the *insured's* incapacity or death, his legal representative must, at our request, authorize us to obtain medical reports and copies of records.

**5.** PAYMENT OF LOSS

Any amount due is payable:

    (a) to the *insured* or his authorized representative;

    (b) if the *insured* is a minor, to his parent or guardian; or

    (c) if the *insured* is deceased, to his surviving spouse; otherwise

    (d) to a person authorized by law to receive the payment; or to a person legally entitled to recover payment for the damages.

We may, at our option, pay an amount due in accordance with (d) above.

**SECTION V**

**General Conditions**

These conditions apply to all Coverages in this policy.

**1.** TERRITORY - POLICY PERIOD

This policy applies only to accidents, occurrences or losses during the policy period within the United States of America, its territories or possessions, or Canada or when the auto is being transported between ports thereof.

Unless otherwise cancelled, this policy will expire as shown in the declarations. But, it may be continued by our offer to renew and *your* acceptance prior to the expiration date. Each period will begin and expire at 12:01 A.M. local time at *your* address stated in the declarations.

**2.** PREMIUM

When you dispose of, acquire ownership of, or replace a *private passenger auto*, *farm auto* or *utility auto*, any necessary premium adjustment will be made as of the date of the change and in accordance with our manuals.

**3.** CHANGES

The terms and provisions of this policy cannot be waived or changed, except by an endorsement issued to form a part of this policy.

We may revise this policy during its term to provide more coverage without an increase in premium. If we do so, *your* policy will automatically include the broader coverage when effective in *your* state.

The premium for each auto is based on the information we have in *your* file. *You* agree:

- (a) that we may adjust *your* policy premiums during the policy term if any of this information on which the premiums are based is incorrect, incomplete or changed.
- (b) that *you* will cooperate with us in determining if this information is correct and complete.
- (c) that *you* will notify us of any changes in this information.

Any calculation or recalculation of *your* premium or changes in *your* coverage will be based on the rules, rates and forms on file, if required, for our use in *your* state.

**4.** ASSIGNMENT

*Your* rights and duties under this policy may not be assigned without our written consent.

If *you* die, this policy will cover:

- (a) *your* surviving spouse;
- (b) the executor or administrator of *your* estate, but only while operating an *owned auto* and while acting within the scope of his duties;
- (c) any person having proper temporary custody of and operating the *owned auto*, as an *insured*, until the appointment and qualification of the executor or administrator of *your* estate; and
- (d) under the Medical Payments Coverage, a person who was a *relative* at the time of *your* death.

**5.** CANCELLATION BY THE *INSURED*

*You* may cancel this policy by providing notice to us stating when, after the notice, cancellation will be effective.

If this policy is cancelled, *you* may be entitled to a premium refund. The premium refund, if any, will be computed pro-rata.

**6.** CANCELLATION BY US

We may cancel this policy by mailing to *you*, at the address shown in this policy, written notice stating when the cancellation will be effective and the reason for cancellation.

We will mail this notice:

- (a) 10 days in advance if the proposed cancellation is for non-payment of premium or any of its installments when due;
- (b) 20 days in advance in all other cases.

The mailing or delivery of the above notice will be sufficient proof of notice. The policy will cease to be in effect as of the date and hour stated in the notice.

If this policy is cancelled by us, *you* may be entitled to a premium refund. The premium refund, if any, will be computed pro-rata. Payment or tender of unearned premium is not a condition of cancellation.

**7.** CANCELLATION BY US IS LIMITED

After this policy has been in effect for 60 days or, if the policy is a renewal, effective immediately, we will not cancel except for any of the following reasons:

- (a) *You* do not pay the initial or any additional premiums for this policy or fail to pay any premium installment when due to us or our agent.
- (b) *You* or any driver of the insured vehicle is convicted of:
  - (i) driving while intoxicated; or
  - (ii) homicide or assault arising out of the use of a motor vehicle; or
  - (iii) three separate convictions of speeding and/or reckless driving during the policy period and including three months prior to the effective date of the policy.
- (c) *Your* driver's license or motor vehicle registration or that of any other operator who either resides in *your* household or who customarily operates an auto insured under this policy has been under suspension or revocation during the policy period, or if the policy is a renewal, during the policy period or the 180 days immediately prior to its effective date.
- (d) Fraud or misrepresentation of a material fact, the knowledge of which would have caused us to decline to issue the policy. However, we will not rescind bodily injury or property damage liability coverage under this policy for fraud or misrepresentation with respect to any injury to a third party when suffered as a result of *your* negligent operation of a motor vehicle.

Failure to cancel for any of the reasons above shall not obligate us to renew this policy.

We have the right to modify the Comprehensive Coverage under Section III by including a deductible not exceeding $100.

**8.** RENEWAL

We will not refuse to renew this policy unless written notice of our refusal to renew is mailed to *you*, at the address shown in this policy, at least 20 days prior to the expiration date. The mailing or delivery of this notice by us will be sufficient proof of notice. This policy will expire without notice if any of the following conditions exist:

- (a) *You* do not pay any premium as we require to renew this policy.
- (b) *You* have informed us or our agent that *you* wish the policy to be cancelled or not renewed.
- (c) *You* do not accept our offer to renew or *you* refuse to provide us with renewal classification and rating information as we may require.

**9.** OTHER INSURANCE

If other insurance is obtained on **your** insured auto, any similar insurance afforded under this policy for that auto will terminate on the effective date of the other insurance.

**10.** DIVIDEND PROVISION

**You** are entitled to share in a distribution of the surplus of the Company as determined by its Board of Directors from time to time.

**11.** DECLARATIONS

By accepting this policy, **you** agree that:

(a) the statements in **your** application and in the declarations are **your** agreements and representations;

(b) this policy is issued in reliance upon the truth of these representations; and

(c) this policy, along with the application and declaration sheet, embodies all agreements relating to this insurance. The terms of this policy cannot be changed orally.

**12.** FRAUD AND MISREPRESENTATION

Coverage is not provided to any person who knowingly conceals or misrepresents any material fact or circumstance relating to this insurance:

(a) at the time of application; or

(b) at any time during the policy period; or

(c) in connection with the presentation or settlement of a claim.

However, we will not rescind bodily injury or property damage liability coverage under this policy for fraud or misrepresentation with respect to any injury to a third party when suffered as a result of **your** negligent operation of a motor vehicle.

**13.** EXAMINATION UNDER OATH

The **insured** or any other person seeking coverage under this policy must submit to examination under oath by any person named by us when and as often as we may require.

**14.** TERMS OF POLICY CONFORMED TO STATUTES

Any terms of this policy in conflict with the statutes of Arkansas are amended to conform to those statutes.

## SECTION VI - AMENDMENTS AND ENDORSEMENTS

**1.** SPECIAL ENDORSEMENT UNITED STATES GOVERNMENT EMPLOYEES

**A.** Under the Property Damage coverage of Section I, we provide coverage to United States Government employees, civilian or military, using

1. Motor vehicles owned or leased by the United States Government or any of its agencies, or

2. Rented motor vehicles used for United States Government business,

when such use is with the permission of the United States Government. Subject to the limits described in paragraph B. below, we will pay sums **you** are legally obligated to pay for damage to these vehicles.

**B.** The following limits apply to this Coverage:

1. A $100 deductible applies to each occurrence.

2. For vehicles described in A.1. above, our liability shall not exceed the lesser of the following:

   a. the **actual cash value** of the property at the time of the occurrence; or

   b. the cost to repair or replace the property, or any of its parts with other of like kind and quality; or

   c. two months basic pay of the **insured**; or

   d. the limit of Property Damage liability coverage stated in the declarations.

3. For vehicles described in A.2. above, our liability shall not exceed the lesser of the following:

   a. the **actual cash value** of the property at the time of the occurrence; or

   b. the cost to repair or replace the property, or any of its parts with other of like kind and quality; or

   c. the limit of Property Damage liability coverage stated in the declarations.

This insurance is excess over other valid and collectible insurance.

W. C. E. Robinson
Secretary

Todd A. Combs
President

GEICO Advantage Insurance Company
HOME OFFICE - 5260 Western Avenue
Chevy Chase, Maryland 20815-3799

# GEICO.
Policy Number: 6046-58-33-39

# Automobile Policy Amendment
# Arkansas

*Your* policy is amended as follows:

## SECTION I - LIABILITY COVERAGES

### DEFINITIONS

The following definitions are revised as follows:

**3.** *Farm auto* means a truck type vehicle with a gross weight of 15,000 pounds or less, not used for commercial purposes other than farming.

**5.** *Non-owned auto* means a *private passenger auto*, *farm auto*, or *utility auto* or *trailer* not owned by or furnished for the regular use of *you* or *your relatives*, except a *temporary substitute auto*. *You* or *your relatives* must be using the *non-owned auto* or *trailer* within the scope of permission given by its owner. A *non-owned auto* rented or leased for more than 30 days will be considered for *your* regular use.

**8.** *Relative* means a person who continuously lives in *your* household, and is related to *you* by blood, marriage, or adoption (including a ward or foster child).

**11.** *Utility auto* means a vehicle, other than a *farm auto*, with a gross vehicle weight of 15,000 pounds or less of the pick-up body, van or panel truck type not used for commercial purposes.

**13.** *You* and *your* mean the named insured shown in the declarations or his or her spouse if a resident of the same household.

The following definitions are added:

**14.** *Punitive or exemplary damages* means damages that are imposed to punish a wrongdoer and to deter others from similar conduct.

**15.** *Personal vehicle sharing program* means a business, organization, network or group facilitating the sharing of private passenger motor vehicles for use by individuals or businesses.

**16.** *Ride-sharing* means the use of any vehicle by any *insured* in connection with a *transportation network company* from the time an *insured* logs on to and signs in to any computer or digital application or platform that connects or matches driver(s) with passengers(s) until the time an *insured* logs out of or signs off of any such application or platform, including while en route to pick up passenger(s) and while transporting passenger(s).

**17.** *Transportation network company* means a company or organization facilitating and/or providing transportation services using a computer or digital application or platform to connect or match passengers with drivers for compensation or fee.

### ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY COVERAGES

Item **3.** is revised as follows:

**3.** Interest calculated on that part of a judgment that is within our limit of liability and accruing:
   (a) Before the judgment, where owed by law, and until we pay, offer to pay or deposit in court the amount due under this coverage;
   (b) After the judgment, and until we pay, offer to pay or deposit in court, the amount due under this coverage.

The following sentence is added after Item 5.:

   We will upon request by an *insured*, provide reimbursement for the following items:

Items **6.**, **7.**, and **8.** are renumbered and revised as follows:
   (a) Costs incurred by any *insured* for first aid to others at the time of an accident involving an *owned auto* or *non-owned auto*.
   (b) Loss of earnings up to $50 a day, but not other income, if we request an *insured* to attend hearings and trials.
   (c) All reasonable costs incurred by an *insured* at our request.

### EXCLUSIONS

The introduction sentence is revised as follows:

Section I does not apply to any claim or suit for damage if one or more of the exclusions listed below applies.

Exclusion **2.** is revised as follows:

**2.** Section I does not apply to *bodily injury* or property damage arising out of ownership, maintenance, or use of an *owned auto* or *non-owned auto* while being used:
   (a) to carry persons or property for compensation or a fee, including but not limited to the delivery of food or any other products; or
   (b) for *ride-sharing*.

However, this exclusion does not apply to ordinary car pools.

The following exclusions are added:

13. **Bodily injury** or property damage that results from nuclear exposure or explosion including resulting fire, radiation or contamination is not covered.

14. We do not cover **bodily injury** or property damage caused by an auto driven in or preparing for any racing, speed or demolition contest or stunting activity of any nature, whether or not prearranged or organized.

15. We do not cover any liability assumed under any contract or agreement.

16. Regardless of any other provision in this policy, there is no coverage for **punitive or exemplary damages**.

## PERSONS INSURED

The provision regarding a **non-owned auto** is revised as follows:

1. (a) **You**;

   (b) **Your relatives** when operating a **private passenger auto**, **farm auto,** or **utility auto** or **trailer**.

   Such operation by **you** or **your relatives** must be with the express or implied permission of the owner.

**The following is revised:**

## OTHER INSURANCE

If the **insured** has other insurance against a loss covered by Section I of this policy, we will not owe more than our pro-rata share of the total coverage available.

Any insurance we provide for a vehicle **you** do not own shall be excess over any other valid and collectible insurance. However, it shall be primary if:

   (a) the **temporary substitute auto** or other motor vehicle is provided by a duly licensed automobile dealer for demonstration purposes; or

   (b) the motor vehicle is a replacement while the insured auto is out of use because of its breakdown, service or repair; or

   (c) the motor vehicle is rented or leased from a rental car company.

## SECTION II - AUTO MEDICAL PAYMENTS

## EXCLUSIONS

Exclusion **1.** is revised as follows:

1. There is no coverage for **bodily injury** arising out of the ownership, maintenance, or use of an **owned auto** or **non-owned auto** while being used:

   (a) to carry persons or property for compensation or a fee, including but not limited to the deliver of food or any other products; or

   (b) for **ride-sharing**.

   However, this exclusion does not apply:

   (a) ordinary car pools; or

   (b) **you** or any **relative** while a passenger and not operating the motor vehicle.

The following exclusions are added:

7. There is no coverage for **bodily injury** that results from nuclear exposure or explosion including resulting fire, radiation or contamination.

8. We do not cover **bodily injury** caused by an auto driven in or preparing for any racing, speed or demolition contest or stunting activity of any nature, whether or not prearranged or organized.

9. There is no coverage under this Section for any person or organization while any motor vehicle is operated, maintained or used as part of personal vehicle sharing facilitated by a **personal vehicle sharing program**.

## SECTION III - PHYSICAL DAMAGE COVERAGES

## DEFINITIONS

The definitions of **personal vehicle sharing program**, **ride-sharing** and **transportation network company** under Section I apply to Section III also.

9. **Trailer** is revised as follows:

9. **Trailer** means a trailer designed to be towed by a **private passenger auto** and not used as a home, residence, office, store, display or passenger trailer. **Trailer** does not mean a trailer with built-in sleeping facilities designed for recreational or camping use.

The following definition is added:

**10.** ***Custom parts or equipment*** means paint, equipment, devices, accessories, enhancements, and changes, other than those which are original manufacturer installed, which:

    (a)    Are permanently installed or attached; or

    (b)    Alter the appearance or performance of a vehicle.

    This includes any electronic equipment, antennas, and other devices used exclusively to send or receive audio, visual, or data signals, or to play back recorded media, other than those which are original manufacturer installed, that are permanently installed in the ***owned auto*** or a newly acquired vehicle using bolts or brackets, including slide-out brackets.

## LOSSES WE WILL PAY FOR YOU

**Comprehensive (Excluding *Collision*)** Item **1.** and **2**, are revised as follows:

**1.**    We will pay for each ***loss***, less the applicable deductible, caused other than by ***collision***, to the ***owned auto*** or ***non-owned auto***. This includes breakage of glass and ***loss*** caused by:

| | | | | |
|---|---|---|---|---|
| (a) Missiles; | (e) Theft; | (i) Colliding with a bird or animal. | | |
| (b) Falling objects; | (f) larceny; | (j) Windstorm | (m) Flood | (p) Riot; or |
| (c) Fire | (g) Explosion; | (k) Hail; | (n) Malicious Mischief; | (q) Civil commotion. |
| (d) Lightning: | (h) Earthquake | (l) Water; | (o) Vandalism | |

    At the option of the ***insured***, breakage of glass caused by ***collision*** may be paid under the Collision Coverage, if included in the policy.

**2.**    We will pay, up to $200 per occurrence, less any deductible shown in the declarations, for ***loss*** to personal effects due to:

| | | |
|---|---|---|
| (a) Fire; | (c) Flood; | (e) Falling objects; (f) Earthquake; or |
| (b) Lightning; | (d) Theft of the entire automobile; | (g) Explosion. |

The property must be owned by ***you*** or a ***relative***, and must be in or upon an ***owned auto***.

## ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE PHYSICAL DAMAGE COVERAGES

The second paragraph under **1.** is revised as follows:

    Reimbursement will not exceed $25 per day, or $750 per loss.

Item **3.** is deleted.

## EXCLUSIONS

Exclusion **1.** is revised as follows:

**1.**    There is no coverage for an auto used:

    (a)    to carry persons or property for compensation or a fee, including but not limited to the delivery of food or any other products; or

    (b)    for ***ride-sharing***.

    However, a vehicle used in an ordinary car pool is covered.

The following exclusions are added:

**10.**    There is no coverage for ***loss*** that results from nuclear exposure or explosion including resulting fire, radiation or contamination.

**11.**    We do not cover ***loss*** for ***custom parts or equipment*** unless the existence of those ***custom parts or equipment*** has been previously reported to us and an endorsement to the policy has been added.

**12.**    We do not cover any physical damage to an auto being driven in or preparing for any racing, speed or demolition contest or stunting activity of any nature, whether or not prearranged or organized.

**13.**    There is no coverage for any liability assumed under any contract or agreement.

**14.**    There is no coverage for ***loss*** resulting from:

    (a)    The acquisition of a stolen vehicle;

    (b)    Any governmental, legal or other action to return a vehicle to its legal, equitable, or beneficial owner, or anyone claiming an ownership interest in the vehicle;

    (c)    Any confiscation, seizure or impoundment of a vehicle by governmental authorities; or

    (d)    The sale of an ***owned auto***.

**15.**    There is no coverage for the destruction, impoundment, confiscation or seizure of a vehicle by governmental or civil authorities due to its use by ***you***, a ***relative*** or a permissive user of the vehicle in illegal activity.

**16.**    There is no coverage under this Section for any person or organization while any motor vehicle is operated, maintained or used as part of personal vehicle sharing facilitated by a ***personal vehicle sharing program***.

## LIMIT OF LIABILITY

Item **2.** is revised as follows:

**2.** Will not exceed the prevailing competitive price to repair or replace the property at the time of *loss*, or any of its parts, including parts from non-original equipment manufacturers, with other of like kind and quality and will not include compensation for any diminution of value that is claimed to result from *loss*. Although *you* have the right to choose any repair facility or location, the limit of liability for repair or replacement of such property is prevailing competitive price:

The first paragraph under **5.** is replaced with the following:

**5.** For *custom parts or equipment* is limited to the *actual cash value* of the *custom parts or equipment*, not to exceed the *actual cash value* of the vehicle, unless an endorsement to the policy has been issued.

**The following is revised:**

### OTHER INSURANCE

If the *insured* has other insurance against a *loss* covered by Section III, we will not owe more than our pro-rata share of the total coverage available.

Any insurance we provide for a vehicle *you* do not own shall be excess over any other valid and collectible insurance . However, it shall be primary if:

    (a) the *temporary substitute auto* or other motor vehicle is provided by a duly licensed automobile dealer for demonstration purposes; or

    (b) as a replacement while the insured auto is out of use because of breakdown, service or repair; or

    (c) the motor vehicle is rented or leased from a rental car company.

### CONDITIONS

Condition **4.**, ACTION AGAINST US, the following paragraph is added:

If we retain salvage, we have no duty to preserve or otherwise retain the salvage for any purpose, including as evidence for any civil or criminal proceeding.

If *you* ask us immediately after a *loss* to preserve the salvage for inspection, we will do so for a period not to exceed 30 days. *You* may purchase the salvage from us if *you* wish.

The following condition is added:

**10.** ASSIGNMENT

    With respect to Section III, Physical Damages Coverage, an Assignment of interest under this policy will not bind us without our consent. Any nonconforming assignment shall be void and invalid. Moreover, the assignee of a nonconforming assignment shall acquire no rights under this contract and we shall not recognize any such assignment.

## SECTION IV - UNINSURED MOTORISTS COVERAGE

### DEFINITIONS

Item (a) and item (c) of definition **2.** *Insured* are revised as follows:

    (a) the named insured shown in the declarations and his or her spouse if a resident of the same household;

    (c) Any other person while *occupying* an *owned auto* with *your* consent or operating an *owned auto* with a reasonable belief that person has *your* permission to do so.

### EXCLUSIONS

The following exclusions are added:

**7.** *Bodily injury* that results from nuclear exposure or explosion resulting fire, radiation or contamination is not covered.

**8.** This coverage does not apply to any liability assumed under any contract or agreement.

**9.** This coverage does not apply to damage caused by an *insured's* participation in or preparation for any racing, speed or demolition contest or stunting activity of any nature, whether or not prearranged or organized.

**10.** There is no coverage for *bodily injury* under this Section for any person while an *owned auto* or *non-owned auto* is being used for *ride-sharing*.

    This exclusion does not apply to *you* or any *relative* while a passenger and no operating the motor vehicle.

**The first paragraph of OTHER INSURANCE is revised as follows:**

### OTHER INSURANCE

When an *insured occupies* an auto not described in this policy, this insurance is excess over any other similar insurance available to the *insured* and the insurance which applies to the *occupied* auto is primary.

However, this insurance shall be primary if:

    (a) the **temporary substitute auto** or other motor vehicle is provided by a duly licensed automobile dealer for demonstration purposes; or

    (b) as a replacement while the **insured auto** is out of use because of its breakdown, service or repair; or

    (c) the motor vehicle is rented or leased form a rental car company.

## SECTION V - GENERAL CONDITIONS

**7.** CANCELLATION BY US IS LIMITED

The last paragraph is deleted.

**8.** RENEWAL

The first paragraph is replaced as follows:

We will not refuse to renew this policy unless written notice of our refusal to renew is mailed to **you**, at the address shown in this policy, at least 30 days prior to the expiration date. The mailing or delivery of this notice by us will be sufficient proof of notice. This policy will expire without notice if any of the following conditions exist:

The following conditions are added:

**15.** DISPOSAL OF VEHICLE

If **you** relinquish possession of a leased vehicle or if **you** sell or relinquish ownership of an **owned auto**, any coverage provided by this policy for that vehicle will terminate on the date **you** do so.

**16.** CHOICE OF LAW

The policy and any amendment(s) and endorsement(s) are to be interpreted pursuant to the laws of the state of Arkansas.

We affirm this amendment.

W. C. E. Robinson
Secretary

Todd A. Combs
President



# Automobile Policy Amendment

GEICO Advantage Insurance Company

Policy Number: 6046-58-33-39

*Your* policy is amended as follows:

## SECTION V - GENERAL CONDITIONS
Item 1. - **TERRITORY - POLICY PERIOD -** The 2nd paragraph is revised as follows:

Unless otherwise cancelled, this policy will expire as shown in the declarations. But, it may be continued by our offer to renew and *your* acceptance by payment of the required renewal premium prior to the expiration date. Each period will begin and expire as stated in the declarations.

We affirm this amendment.

W. C. E. Robinson
Secretary

Todd A. Combs
President



# Loss Payable Clause

## Arkansas

Policy Number: 6046-58-33-39

Effective Date : 01-10-21

The Policy Number and Effective Date need be completed only when this endorsement is issued subsequent to preparation of the policy.

Any claim under the Physical Damage Coverages of the policy will be paid jointly to the *insured* and the Lienholder in the Declarations.

The Lienholder must notify us if he becomes aware of any increased hazard or change of ownership of the auto or he will lose all of his rights under this policy.

If the *insured* fails to file with us a Proof of Loss within 91 days after the *loss*, the Lienholder must do so within the following 60 days. The policy provisions on time of payment, appraisal and the right to sue us applies both to the Lienholder and the *insured*. We may settle a claim at our option by separate payment to the *insured* and the Lienholder.

Whenever we pay the Lienholder, we shall be subrogated to the Lienholder's rights of recovery to the extent of the payment. If the policy is in effect as to the Lienholder but has been canceled as to the *insured*, the Lienholder must assign the loan to us if we ask and we pay the full amount due.

We will mail notice to the Lienholder at least 20 days before we cancel his interest in the policy. Where cancellation is for nonpayment of premium, 10 days notice will be given.

Failure to properly notify a named insured or failure to properly notify a bank or other lending institution shall have no effect on a party properly notified.

This endorsement forms a part of *your* policy. It is effective at 12:01 A.M. local time at *your* address on the effective date shown above.

**RETAIN THIS COPY FOR YOUR RECORDS**



Policy Number: 6046-58-33-39

# Auto Policy Amendment
## Arkansas
## Personal Injury Protection Amendment

We agree with **you**, subject to all of the provisions of the amendment and to all of the policy provisions except as modified by this amendment, as follows:

## PART I - MEDICAL BENEFITS

We will pay **medical expense** benefits for **bodily injury** suffered by an **eligible injured person** if the injury was caused by an accident arising out of the maintenance or use of a **motor vehicle** as a **motor vehicle**.

## DEFINITIONS

The definitions of **auto business, bodily injury, private passenger auto, transportation network company, war, you** and **your** as shown in Section I of the policy apply to this coverage. The following special definitions apply:

1. **Eligible injured person** means:
   (a) **you** and any **relative** who suffers **bodily injury** while **occupying** any **motor vehicle**;
   (b) **you** and any **relative** who suffers **bodily injury** while as a **pedestrian** through being struck by any **motor vehicle**;
   (c) any other person who suffers **bodily injury** while **occupying** the **insured auto**; or
   (d) any other person who suffers **bodily injury** while as a **pedestrian** through being struck by the **insured auto**.

2. **Insured Auto** means an auto listed as an auto in the policy declarations as an auto to which this coverage applies. **Insured auto** includes:
   (a) an auto not owned by **you** while used as a temporary substitute for an **insured auto** when it cannot be used because of breakdown, repair, servicing, loss or destruction, and
   (b) a **trailer** designed for use with a **private passenger auto** if not being used for business purposes with another type of vehicle.

3. **Medical Expenses** means all reasonable and necessary expenses incurred within two years from the accident date for medical, hospital, x-ray, professional nursing, dental, surgical, ambulance, funeral and prosthetic services and for any non-medical remedial care and treatment rendered in accordance with a recognized religious method of healing.

4. **Motor Vehicle** means a land motor vehicle or **trailer** including a semi-trailer other than (1) a farm type tractor or other equipment designed for use principally off public roads, while not on public roads, (2) a vehicle operated on rails or crawler treads, or (3) a vehicle located for use as a residence or premises.

5. **Occupying** means in or upon, getting into or getting out of.

6. **Pedestrian** means any person who is not **occupying** any vehicle other than a motorcycle or a vehicle operated by human or animal power.

7. **Relative** means any person related to **you** by blood, marriage or adoption (including a ward or foster child) who is a resident of **your** household.

8. **Ride-sharing** means the use of any vehicle by any person in connection with a **transportation network company** from the time a person logs on to or signs in to any computer or digital application or platform that connects or matches driver(s) with passenger(s) until the time a person logs out of or signs off of any such application or platform, including while en route to pick up passenger(s) and while transporting passenger(s).

## LIMIT OF LIABILITY

Regardless of the number of persons or organizations insured, policies or bonds applicable, claims made or **insured autos** to which this coverage applies, the limit of liability for auto medical benefits insurance shown in the declarations as applicable to "each person" is our limit of liability for all expenses incurred by or on behalf of each **eligible injured person** who suffers **bodily injury** as a result of any one motor vehicle accident, provided, however, with respect to **bodily injury** suffered by a **pedestrian** (other than **you** or a **relative**) through being struck by the **insured auto**, our limit of liability shall be the amount shown in the declarations.

## POLICY MODIFICATIONS

Any amount payable under the Protection Against Uninsured Motorist Coverage shall reduce the amount of **medical expense** benefits which are paid or payable under this or any other motor vehicle insurance policy because of **bodily injury** to an **eligible injured person**.

Any Auto Medical Payments or Auto Medical Insurance afforded by the policy is replaced by the insurance provided by PART I of this amendment.

## EXCLUSIONS

1. There is no coverage for *bodily injury* to any person to the extent that benefits for the injury are paid or payable under any workmen's compensation law, employer's disability law or any similar law.

2. There is no coverage for *bodily injury* to *you* while *occupying* any *motor vehicle* owned by *you* or furnished or available for *your* use, which is not an *insured auto*.

3. There is no coverage for *bodily injury* to any *relative* while *occupying* any *motor vehicle* owned by, furnished or available for the regular use of either *you* or that *relative*, and which is not an *insured auto*.

4. There is no coverage for *bodily injury* to any person other than *you* or a *relative* while *occupying* any *motor vehicle* owned by or furnished or available for the regular use of either *you* or any *relative* and which is not an *insured auto*.

5. There is no coverage for *bodily injury* to any person *occupying* any *motor vehicle* while it is being used to transport passengers or goods for hire, or while being used for *ride-sharing*. This exclusion does not apply to *you* or any *relative* while a passenger and not operating the *motor vehicle*.

6. There is no coverage for *bodily injury* to any person other than *you* or a *relative*.
   (a) while *occupying* any *motor vehicle* other than the *insured auto* while employed or otherwise engaged in the *auto business*; or
   (b) arising out of the maintenance or use of any *motor vehicle* other than the *insured auto* or a motorcycle by such person while employed or engaged in any other business or occupation unless the *bodily injury* results from the operation or occupancy of:
      a) a *private passenger auto* by *you* or *your* private chauffeur or domestic servant; or
      b) a *trailer* used with a *private passenger auto* or with the *insured auto*.

7. There is no coverage for *bodily injury* to any person while operating the *insured auto* without *your* express or implied consent or while not in lawful possession of the *insured auto*.

8. There is no coverage for *bodily injury* suffered by any person while *occupying* any *motor vehicle* other than the *insured auto* unless that person has, or reasonably believes he has, the owner's permission to use the *motor vehicle*.

9. There is no coverage for *bodily injury* due to *war* or to any related act or condition.

10. There is no coverage for *bodily injury* resulting from the hazardous properties of radioactive material.

11. Medical benefits coverage does not apply to the United States of America or any of its agencies as an insured, an *eligible injured person*, a third party beneficiary or otherwise.

12. There is no coverage for *bodily injury* to any person other than *you* or a *relative* if that person is entitled, as a named insured or *relative* under any other motor vehicle insurance policy, to similar coverage which provides benefits equal to or greater than those prescribed by the Arkansas No-Fault Law.

13. There is no coverage for any *eligible injured person* when the *eligible injured person's* conduct contributed to the injury he or she sustained in any of the following ways:
    (1) Causing injury to himself or herself intentionally; or
    (2) Causing injury while in the commission of a felony or while seeking to elude lawful apprehension or arrest by a law enforcement official.

## PART II - LOST EARNINGS

We will pay benefits for *work loss* due to *bodily injury* suffered by an *eligible injured person* and caused by an accident arising out of the maintenance or use of a *motor vehicle* as a *motor vehicle*.

## DEFINITIONS

The definitions shown in PART I apply to PART II. The following special definition applies:

4. *Work loss* means:
   (a) with respect to an income earner, loss of income from work the *eligible injured person* would have earned had he not suffered *bodily injury*, or
   (b) with respect to a non-income earner, expenses reasonably incurred in obtaining ordinary and necessary services to replace those the *eligible injured person* would have performed, not for income but for his benefit or that of his family if he had not suffered *bodily injury*. The *work loss* must be incurred during a period commencing eight days after the accident date and not to exceed fifty two weeks.

**LIMIT OF LIABILITY**

| Option No. | Weekly Work Loss Limit |
|---|---|
| 1 | $140 |
| 2 | $200 |
| 3 | $250 |
| 4 | $300 |
| 5 | $350 |
| 6 | $400 |

Regardless of the number of persons or organizations insured, policies or bonds applicable, claims made or *insured autos* to which this coverage applies, our limit of liability for *work loss* is as follows:

1.  with respect to an income earner, 70% of loss of gross income per week not to exceed the amount shown in the policy declarations.

2.  with respect to a non-income earner a sum not to exceed $70 per week, prorated for any lesser period.

**EXCLUSIONS**

The Exclusions in PART I apply to PART II.

**PART III - ACCIDENTAL DEATH BENEFIT**

We will pay the amount shown in the policy declarations if an *eligible injured person* dies within one year from the accident date as a direct consequence of *bodily injury* caused by accident and arising out of the use of a *motor vehicle* as a *motor vehicle*.

**DEFINITIONS**

The definitions under PART I apply to PART III.

**EXCLUSIONS**

The Exclusions in PART I apply to PART III.

**POLICY MODIFICATIONS**

Because of the coverage provided by PART III of this amendment, any accidental death benefits coverage afforded elsewhere in this policy is deleted.

**PART IV - CONDITIONS**

These Conditions apply to PARTS I, II, and III of this Amendment except where otherwise noted.

1.  <u>Policy Period; Territory.</u> This insurance applies only to accidents which occur during the policy period and within the United States of America, its territories or possessions, or Canada

2.  <u>Action Against Company.</u> No action will lie against us unless there has been full compliance with all the terms of this Amendment.

3.  <u>Notice.</u> As soon as possible after an accident, written notice must be given us or our agent by or on behalf of the *eligible injured person* stating:

    (a) the time, place and details of the accident; and

    (b) the name and addresses of the *eligible injured person(s)* and of available witnesses.

    If an *eligible injured person*, his survivor or the legal representative of either files suit against a third party to recover damages for *bodily injury*, we must be provided with a copy of the pleadings.

4.  <u>Medical Reports; Proof of Claim.</u> As soon as possible, the *eligible injured person* or his representative shall give us written proof of claim, under oath if required. The proof of claim shall contain full details of the type and extent of the injuries, treatment received and contemplated, and other information that may help us to determine the amount due and payable.

    The *eligible injured person* shall submit to physical and mental examinations by physicians selected by us, when and as often as we may reasonably require. The *eligible injured person* or, if he is incapacitated or dead, his legal representative or his survivor shall, after each request from us, authorize us to obtain medical reports and copies of records.

    If we ask, the *eligible injured person*, someone on his behalf or his employer shall furnish a sworn statement of earnings by the *eligible injured person* since the accident date and for a reasonable time prior to the accident.

5. <u>Payment of Benefits</u>. We may at our option pay
   (a) the *eligible injured person*;
   (b) the parent or guardian, if the *eligible injured person* is a minor;
   (c) the spouse, if the *eligible injured person* is incapacitated or deceased; or
   (d) any person or organization rendering the services for which claim is made.
   Any such payment shall reduce the amount payable hereunder. Payment under this coverage shall not be an admission of liability to any person.

6. <u>Reimbursement and Trust Agreement</u> - When we make a payment under PART I and/or PART II of this insurance with respect to *bodily injury* suffered by an *eligible injured person*:
   (a) We will be entitled to recover the amount of our payment out of the proceeds of any settlement or judgment that the person to whom we made payment may recover from anyone who was legally liable for the *bodily injury* after the *eligible injured person* is fully compensated for the *bodily injury* suffered.
   We shall have a lien to the extent of our payment and we may give notice of our lien to the person or organization causing the *bodily injury*, his agent, his insurer, or a court jurisdiction;
   (b) the person to whom we make payment shall hold in trust for our benefit all rights of recovery which he may have against any other person or organization because of the *bodily injury*;
   (c) the person to whom we make payment shall do whatever is necessary to secure his and our rights and shall do nothing to prejudice them;
   (d) the person to whom we make payment shall deliver to us all instruments and papers necessary to secure his and our rights and obligations.

7. <u>Subrogation</u> - When we make a payment under PART I and/or PART II of this insurance with respect to *bodily injury* suffered by an *eligible injured person*, we shall be subrogated, to the extent of our payment, to the person's rights of recovery against any person or organization after the *eligible injured person* is fully compensated for the *bodily injury* suffered. The person to whom or on whose behalf we made payment shall execute and deliver to us instruments and papers and do whatever else is necessary to secure our rights. That person shall do nothing after loss to prejudice our rights.

8. <u>Other Insurance</u> - Regarding *bodily injury* to a *relative*, if the *relative* is entitled to coverage for *medical expenses*, *work loss* and/or death, or similar coverage as a named insured under any other motor vehicle insurance policy affording direct benefits without regard to fault, this insurance shall apply only as excess insurance over such similar coverage paid or payable to that person under the other policy.
   Regarding *bodily injury* to *you*, if *you* are entitled to coverage for *medical expenses*, *work loss* and/or death, or similar coverage, under the terms of this and any other motor vehicle insurance policy, we shall not be liable under this policy for a greater share of the loss than the applicable limit of liability of this insurance bears to the total applicable limit of liability to all such similar motor vehicle insurance.

9. <u>Duplication</u> - No *eligible injured person* shall recover twice for the same elements of loss.

We affirm this amendment.


W. C. E. Robinson
Secretary

Todd A. Combs
President

GEICO Advantage Insurance Company



GEICO Advantage Insurance Company
Policy Number: 6046-58-33-39

# Automobile Policy Amendment
## UNINSURED MOTORIST-PROPERTY DAMAGE COVERAGE
### ARKANSAS

Your policy provisions are amended as follows:

**DEFINITIONS**

1. ***Farm auto*** means a truck type vehicle with a gross vehicle weight of 15,000 pounds or less, not used for commercial purposes other than farming.
2. ***Hit-and-Run Auto*** is a motor vehicle causing ***property damage*** to an ***insured auto*** through physical contact with that vehicle and whose operator or owner cannot be identified, provided the ***insured*** or someone on his behalf:
    - (a) Reports the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles;
    - (b) Files with us within 30 days a statement setting forth the facts of the accident and claiming that he has a cause of action for damages against an unidentified person; and
    - (c) Makes available for inspection, at our request, the ***insured auto***.
3. ***Insured*** means:
    - (a) The individual named in the declarations and his or her spouse if a resident of the same household;
    - (b) Any person who is entitled to recover damages because of ***property damage*** sustained by an ***insured*** under a) above;
    - (c) Any other person, not excluded from coverage under the policy, using the ***insured auto*** with the owner's permission. The actual use must be within the scope of the permission given by the owner.

    If there is more than one ***insured***, our limits of liability will not be increased.
4. ***Insured auto*** is an auto:
    - (a) Described in the declaration and covered by the liability coverages of this policy;
    - (b) Temporarily substituted for an ***insured auto*** when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;
    - (c) A ***private passenger***, ***farm***, or ***utility auto***, ownership of which ***you*** acquire during the policy period, if
        - (i) It replaces a vehicle described in this policy for which a premium is shown for these coverages or a ***trailer*** owned by ***you***;
        - (ii) We insure all ***private passenger***, ***farm***, and ***utility autos*** owned by ***you*** on the date of the acquisition, and ***you*** ask us to add it to the policy no more than 30 days later.
    - (d) A non-owned auto used by the individual named in the declarations or his or her if a resident of the same household.

    But the term ***insured auto*** does not include:
    - (i) An auto used to carry passengers or goods for hire except in a car pool;
    - (ii) An auto being used without the owner's permission; or
    - (iii) Under subparagraphs b) and c) above, an auto owned by or furnished for the regular use of an ***insured***.
5. ***Private Passenger auto*** means a four wheel private passenger, station wagon or jeep-type auto.
6. ***Property damage*** means damage to or destruction of an auto owned by ***you*** and covered by the liability coverages of this policy. Property damage includes a reasonable amount for the loss of use of the auto.
7. ***Punitive or Exemplary Damage*** means damage that is imposed to punish the wrongdoer and to deter others from similar conduct.
8. ***Trailer*** means a trailer designed to be towed by a ***private passenger auto***, if not being used for business or commercial purposes with a vehicle other than a ***private passenger***, ***farm*** or ***utility auto***.
9. ***Uninsured auto*** is a motor vehicle which:
    - a) Has no property damage liability bond, policy of insurance or cash or securities on file to cover ***property damage*** at the time of the accident, or;
    - b) Has property damage liability insurance in effect at the time of the accident but the insurer of the vehicle becomes insolvent or denies coverage.

    The term ***uninsured auto*** does not include:
    - (a) An ***insured auto***;
    - (b) A motor vehicle owned or operated by a self insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law;

(c) A motor vehicle owned by the United States of America, any other national government, a **state**, or a political sub-division of any such government or its agencies;

(d) A land motor vehicle or **trailer** operated on rails or crawler-treads or located for use as a residence or premises;

(e) A farm-type tractor or equipment designed for use principally off public roads, except while used upon public roads.

10. **Utility auto** means a vehicle, other than a **farm auto** with a gross vehicle weight of 15,000 pounds or less of the pick up body, van or panel truck type not used for commercial purposes.

11. **You** or **your** means: the policyholder named in the declarations and his or her spouse if a resident of the same household.

12. **Ride-sharing** means the use of any vehicle by any **insured** in connection with a **transportation network company** from the time an **insured** logs on to or signs in to any computer or digital application or platform that connects or matches driver(s) with passenger(s) until the time an **insured** logs out of or signs off of any such application or platform, including while en route to pick up passenger(s) and while transporting passenger(s).

13. **Transportation network company** means a company or organization facilitating and/or providing transportation services using a computer or digital application or platform to connect or match passengers with drivers for compensation or fee.

## LOSSES WE PAY

Under this Coverage we will pay for damages to property caused by accident involving physical contact with an **insured auto** for which the **insured** is legally entitled to recover from the owner or operator of an **uninsured auto** or **hit and run auto** arising out of the ownership, maintenance or use of that auto.

## EXCLUSIONS

When this Coverage Does Not Apply

1. This coverage does not apply if the insured or his legal representative has made a settlement or has been awarded a judgment on his claim without our prior written consent or if we are not a party to litigation involving the **insured** and the uninsured motorist.

2. This coverage shall not apply to the benefit of any property insurer.

3. This coverage does not apply to the first two hundred dollars of the total amount of all **property damage** as the result of any one accident. The deductible does not apply if:
   (a) Collision Coverage is also provided on the **insured auto**, and
   (b) The operator of the other vehicle has been positively identified and is solely at fault.

4. This coverage does not apply to loss or damage to personal property located in the **insured auto**.

5. We do not cover the United States of America or any of its agencies as an **insured**, a third party beneficiary or otherwise.

6. This coverage does not apply to **property damage** to the **insured auto** if the collision does not involve actual direct physical contact between the **insured** and the **uninsured** auto or **hit-and-run auto**.

7. Regardless of any other provisions of this policy, there is no coverage for **punitive or exemplary damages.**

8. This coverage does not apply to **property damage** to the **insured auto** that results from nuclear exposure or explosion including resulting fire, radiation or contamination.

9. We do not cover **property damage** caused by an auto driven in or preparing for any racing, speed or demolition contest or stunting activity of any nature, whether or not prearranged or organized.

10. We do not cover any liability assumed under any contract or agreement.

12. This coverage does not apply to **property damage** arising out of the ownership, maintenance, or use of any motor vehicle while being used for **ride-sharing**.

## LIMIT OF LIABILITY

Regardless of the number of autos or **trailers** to which this policy applies:

1. The limit of property damage liability stated in the declarations as applicable to "each accident" is our total limit of liability for all damages to the property of one or more **insureds** as the result of any one accident.

2. When coverage is afforded by two or more autos, the limits of liability shall apply separately to each auto as stated in the declarations but shall not exceed the highest limit of liability applicable to one auto.
   If separate policies with us are in effect for **you** or any person in **your** household, they may not be combined to increase the limit of our liability for a loss.
   The amount payable under this Coverage will be reduced by all amounts:
   (a) Paid by or for all persons or organizations liable for the **property damage** to the **insured auto**;
   (b) Paid or payable under any property insurance policy.

**OTHER INSURANCE**

This insurance shall be excess over other valid and collectible insurance, except that it shall be primary to any insurance or self-insurance maintained by a duly licensed automobile dealer or rental company.

**TRUST AGREEMENT**

When we make a payment under this coverage:

1. We will be entitled to repayment of that amount out of any settlement or judgment any *insured* recovers from any person or organization legally responsibly for the *property damage*.
2. Any *insured* claiming benefits will hold in trust for our benefit all rights of recovery which he may have against any person or organization responsible for his damages.
3. At our written request, any *insured* claiming benefits, in his own name, will take through a designated representative appropriate action necessary to recover payment for damages from the legally responsible person or organization. That *insured* will pay us out of the recovery for our expenses, costs and attorney's fees.
4. Any *insured* claiming benefits will execute and furnish us with any needed documents to secure his and our rights and obligations.

**CONDITIONS**

1. NOTICE

   As soon as possible after an accident, notice must be given us or our authorized agent stating:
   (a) The identity of the *insured*;
   (b) The time, place and details of the accident, and
   (c) The names and addresses of any witnesses.

   If any *insured* or his legal representative files suit before we make a settlement under this coverage, he must immediately provide us with a copy of the pleadings.

2. ASSISTANCE AND COOPERATION OF THE INSURED

   After we receive notice of a claim, we may require any *insured* to take any action necessary to preserve his recovery rights against any allegedly legally responsible person or organization. We may require that *insured* to make that person or organization a defendant in any action against us.

3. ACTION AGAINST US

   Suit will not lie against us unless any *insured* claiming benefits or his legal representative have fully complied with all the policy terms.

4. PROOF OF CLAIM

   The *insured* or other person making a property damage claim shall file a proof of loss with us as soon as practicable. The proof of loss shall be a sworn statement as to the interest of the *insured* and anyone else in the property, any encumbrances upon the property, actual cash value at the time of loss, and description and amount of all other insurance covering the property. Upon our request, the *insured* will show us the damaged property.

   In the event of a property damage loss, the *insured* shall protest the auto from further loss. Further loss due to failure to protect will be covered. We will pay for reasonable expenses incurred for the protection of the auto.

5. PAYMENT OF LOSS

   Any amount is payable;
   a) To the *insured* or his authorized representative;
   b) If the *insured* is a minor to his parent or guardian; or
   c) If the *insured* is deceased, to his surviving spouse; otherwise
   d) A personal authorized by law to receive payment; or to a person legally entitled to recover payment for the damages.

   We may, at our option, pay an amount due in accordance with (d) above.

We affirm this amendment.

W. C. E. Robinson
Secretary

Todd A. Combs
President



**Policy Number: 6046-58-33-39**

# Automobile Policy Amendment
## Underinsured Motorist Coverage
## Arkansas

*Your* policy is amended to provide Underinsured Motorist Coverage subject to the following:

**DEFINITIONS**

The definitions of terms in Section I. Liability Coverages, of your  policy apply to this Coverage except for the following special definitions:

1.  *Insured* means:
    (a)  *you*;
    (b)  *your relatives*;
    (c)  any other person *occupying* an *insured auto*; or
    (d)  any person who is entitled to recover damages because of *bodily injury* sustained by an *insured* under (a), (b) and (c) above.

    If there is more than one *insured*, our limit of liability will not be increased.

2.  *Insured Auto* is an auto:
    (a)  Described in the declarations and covered by the bodily injury liability coverage of this policy.
    (b)  Temporarily substituted for an *insured auto* when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.
    (c)  Operated by *you* or *your* spouse if a resident of the same household.

    But the term *insured auto* does not include:
    (i)   An auto used to carry passengers or goods for hire except in a car pool.
    (ii)  An auto being used without the owner's permission.
    (iii) Under subparagraphs (b) and (c) above, an auto owned by or furnished for the regular  use of an *insured.*

3.  *Occupying* means:
    (a) in;
    (b) upon;
    (c) entering into; or
    (d) alighting from.

4.  *State* includes the District of Columbia, the territories and possessions of the United States and the Provinces of Canada.

5.  *Underinsured Motor Vehicle* means:
    A motor vehicle for which the total limit of all bodily injury insurance policies or bonds applicable at the time of the accident is less than the damages *you* have incurred.
    The term *underinsured motor vehicle* does not include a motor vehicle:
    (a)  Which is an *insured auto*;
    (b)  Owned or operated by a self-insurer under any applicable motor vehicle law.
    (c)  Owned or operated by:
         (i)   the United States of America;
         (ii)  any national government;
         (iii) a *state*; or
         (iv)  a political sub-division of any such government and its agencies.
    (d)  Operated on crawler treads.
    (e)  While located for use as a residence or premises.
    (f)  Designed for use mainly off public roads except while used on public roads.
    (g)  To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:
         (i) denies coverage; or
         (ii) become insolvent
    (h)  For which neither a liability bond or policy applies at the time of the accident.

6.  *Punitive or exemplary damages* mean:
    Damages that are imposed to punish a wrongdoer and to deter others from similar conduct.

**LOSSES WE PAY**

We will also pay damages the *insured* is legally entitled to recover for *bodily injury* caused by accident and arising out the ownership, maintenance or use of an *underinsured motor vehicle*. However, we will not pay until the total of all bodily injury liability insurance available has been exhausted by payment of judgments or settlements.

**EXCLUSIONS:**

1. *Bodily injury* to an *insured* while *occupying* or through being struck by an *underinsured motor vehicle* owned by an *insured* or a *relative* is not covered.
2. The Underinsured Motorist Coverage will not benefit any worker's compensation insurer, self-insurer or disability benefits insurer.
3. We do not cover the United States of America or any of its agencies as an *insured*, a third party beneficiary or otherwise.
4. We do not cover any person while *occupying* a vehicle described in the declarations on which Underinsured Motorist Coverage is not carried.
5. Regardless of any other provision of this policy, there is no coverage for *punitive or exemplary damages*.
6. *Bodily injury* that results from nuclear exposure or explosion including resulting fire, radiation or contamination is not covered.
7. There is no coverage for *bodily injury* under this Section for any person while an *owned auto* or *non-owned auto* is being used for *ride-sharing*.
   This exclusion does not apply to *you* or any *relative* while a passenger and not operating a motor vehicle.

**LIMIT OF LIABILITY**

Regardless of the number of:

a. insured vehicles involved in the accident;
b. persons covered;
c. claims made;
d. vehicles or premiums shown in the declarations; or
e. premiums paid:
   1. The limit of liability for Underinsured Motorist Coverage stated in the declarations as applicable to "each person" is the limit of our liability for all damages, including those for care or loss of services, due to *bodily injury* sustained by one person as the result of one accident.
   2. The limit of liability stated in the declarations as applicable to "each accident" is, subject to the above provision respecting each person, the total limit of liability for all such damages, including damages for care and loss of services, because of *bodily injury* sustained by two or more persons as the result of one accident.
   3. When coverage is afforded to two or more autos, the limits of liability shall apply separately to each auto as stated in the declarations but shall not exceed the highest limit of liability applicable to one auto.
      If separate policies with us are in effect for *you* or any person in *your* household, they may not be combined to increase the limit of our liability for a loss.

   The amount payable under this Coverage will be reduced by all amounts:
   (a) paid or payable under any worker's compensation law, disability benefits law or any similar law.
   (b) paid or payable under any Underinsured Motorist Coverage which is primary to this insurance.

**OTHER INSURANCE**

When an *insured* occupies an auto not described in this policy, this insurance is excess over any other similar insurance available to the *insured*. The insurance which applies to the occupied auto is primary. However, this insurance shall be primary if the *temporary substitute auto* or other motor vehicle is provided by a duly licensed automobile dealer for demonstration purposes or as a replacement while the *insured auto* is out of use because of its breakdown, service or repair.

Except as provided above, if the *insured* has other similar insurance available to him and applicable to the accident, the damages will be deemed not to exceed the higher of the applicable limits of liability of this insurance and the other insurance. If the *insured* has other insurance against a loss covered by the Underinsured Motorist provisions of this amendment, we will not be liable for more than our pro-rata share of the total coverage available.

**TRUST AGREEMENT**

Whenever we make a payment under this coverage and have not waived our rights by failing, within 30 days of receipt of any written notice of a tentative agreement to settle for the liability limits, to make a payment equal to the tentative settlement amount:

1. We will be entitled to recoup our payment under this coverage out of any settlement the *insured* recovers from any person or organization legally responsible for the *bodily injury*.

2. The *insured* will hold in trust for our benefit all rights of recovery which he may have against any person or organization responsible for these damages. He will do whatever is necessary to secure all rights of recovery. He will do nothing after the loss to prejudice these rights.

3. At our written request, the *insured*, in his own name, will take through a designated representative appropriate actions necessary to recover payment for damages from the legally responsible person or organization. The *insured* will pay us out of the recovery for our expenses, costs and attorneys' fees.

   However, we will not ask the *insured* to act to recover payment from a legally responsible person or organization whose insurer is or becomes insolvent.

4. The *insured* will execute and furnish us with any needed documents to secure his and our rights and obligations.

5. Our right of recovery exists only after the *insured* has recovered in excess of his damages.

## ADDITIONAL DUTIES

This coverage does not apply to *bodily injury* to an *insured* if the *insured* or his legal representative has made a settlement or has been awarded a judgment of his claim without our prior written consent unless:

   a. we are notified in writing by **certified mail, return receipt requested**, that a tentative agreement to settle for the liability limits of the owner or operator of the other vehicle has been reached. Such written notice shall include:

   (1) Written documentation of pecuniary losses incurred. This includes copies of all medical bills;

   (2) Written authorization or court order authorizing us to obtain medical reports from all employers and medical providers; and

   (3) Written confirmation from the tortfeasor's (party at fault) liability insurer as to the amount of the alleged tortfeasor's liability limits and the terms of the tentative settlement. This shall in no event include any component sum representing *punitive* or *exemplary damages*; and

   b. we did not make a payment equal to the tentative settlement amount to our *insured* within 30 days of our receipt of that written notice.

   In the event that we are the only provider of the tortfeasor's liability insurance, the requirements of a. and b., above, are hereby waived. *You* may submit *your* underinsured motorist claim at any time after we settle *your* liability policy claim.

## CONDITIONS

The following conditions apply only to the Underinsured Motorist Coverage:

1. NOTICE

   As soon as possible after an accident, notice must be given us or our authorized agent stating:

   (a) the identity of the *insured;*

   (b) the time, place and details of the accident; and

   (c) the names and addresses of the injured, and of any witness.

   If the *insured* or his legal representative files suit before we make a settlement under this coverage, he must immediately provide us with a copy of the pleadings.

2. ASSISTANCE AND COOPERATION OF THE *INSURED*:

   After we receive notice of claim, we may require the *insured* to take any action necessary to preserve his recovery rights against any allegedly legally responsible person or organization. We may require the *insured* to make that person or organization a defendant in any action against us.

3. ACTION AGAINST US

   Suit will not lie against us unless the *insured* and his legal representative have fully complied with all the policy terms.

4. PROOF OF CLAIM-MEDICAL REPORTS

   As soon as possible, the *insured* or other person making claim must give us written proof of claim, under oath if required. This will include details of the nature and extent of injuries, treatment, and other facts which may affect the amount payable.

   The *insured* and other persons making claim must submit to examination under oath by any person named by us when and as often as we may reasonably require. Proof of claims must be made on forms furnished by us unless we have not furnished these forms within 15 days after receiving notice of claim.

   The *insured* will submit to examination by doctors chosen by us, at our expense, as we may reasonably require. In the event of the *insured's* incapacity or death, his legal representative must, at our request, authorize us to obtain medical reports and copies of records.

5. PAYMENT OF LOSS

Any amount due is payable:

(a) to the *insured* or his authorized representative;

(b) if the *insured* is a minor to his parent or guardian; or

(c) if the *insured* is deceased, to his surviving spouse; otherwise

(d) to a person authorized by law to receive the payment, or to a person legally entitled to  recover payment for the damages.

We may, at our option, pay any amount due in  accordance with (d) above.

We affirm this amendment.

W. C. E. Robinson
Secretary

Todd A. Combs
President

GEICO Advantage Insurance Company



GEICO Advantage Insurance Company

Policy Number: 6046-58-33-39

# Automobile Policy Amendment
## Emergency Road Service Coverage

*Your* policy provisions are amended as follows:

**SECTION III**

**PHYSICAL DAMAGE COVERAGES**

**Emergency Road Service**

We will pay reasonable expenses an *insured* incurs for the *owned* or *non-owned auto*, for:

1. mechanical labor up to one hour at the place of breakdown;
2. lockout services up to $100 per lockout if keys to the auto are lost, broken or accidentally locked in the auto;
3. if it will not run, towing to the **nearest** repair facility where the necessary repairs can be made;
4. towing it out if it is stuck on or immediately next to a public highway;
5. delivery of gas, oil, loaned battery, or change of tire.  WE DO NOT PAY FOR THE COST OF THE GAS, OIL, LOANED BATTERY, OR TIRE(S).

**OBTAINING SERVICE UNDER THIS AMENDMENT**

*You* may secure service under this amendment in the following manner:

**SIGN AND DRIVE**

The first method, called sign and drive, features a toll-free number in which the  *insured* calls a GEICO Emergency Road Service representative who will dispatch a service vendor. Upon verification of Emergency Road Service (ERS) coverage, reasonable and necessary charges for covered services provided will be automatically billed to the Company by the Service vendor.  The  *insured* need only sign a receipt at the time of service which authorizes the company to directly pay the service vendor. Any additional mileage, other fees not specifically addressed above, or lockout services in excess of $100 will be at the *insured's* expense.

**HIRED SERVICES**

The second method occurs when the *insured* does not use the sign and drive feature described above and hires services without prior approval from the Emergency Road Service (ERS) Department. Upon verification of Emergency Road Service (ERS) coverage, for covered services provided, up to a limit of $50 will apply. Lockout services are limited to $100. Requests for reimbursement must be accompanied by an original itemized receipt and must be submitted within 60 days of service.

There will be a limit of one reimbursement per disablement.

We affirm this amendment.

W. C. E. Robinson
Secretary

Todd A. Combs
President

 **GEICO.**

GEICO ADVANTAGE INSURANCE COMPANY

# Automobile Policy Endorsement
# Rental Reimbursement Endorsement

Policy Number: 6046-58-33-39

We agree with **you** that the policy is amended as follows:

**SECTION III - PHYSICAL DAMAGE COVERAGES**

The following coverage is added:

**Coverage-Rental Reimbursement**

When there is a **loss** to an **owned auto** for which a specific premium charge indicates that rental reimbursement coverage is afforded:

We will reimburse the **insured** toward costs the **insured** incurs to rent an auto. Reimbursement will not exceed the limits described in the declarations and payment will be limited to a reasonable and necessary period of time required to repair or replace the **owned auto**. This coverage applies only if:

1. The **owned auto** is withdrawn from use for more than 24 consecutive hours, and
2. The **loss** to the **owned auto** is covered under comprehensive or collision coverage of this policy.

When there is a total theft of the entire auto, we will reimburse the **insured** toward costs the **insured** incurs to rent an auto, subject to the following limitations:

1. This coverage will reimburse the **insured** for reasonable rental expenses beginning 48 hours after a theft of the entire vehicle covered under the comprehensive coverage of this policy; and
2. This coverage may be used to reimburse reasonable rental expenses in excess of those provided by Section III of the policy if and to the extent the coverage limits under rental reimbursement exceed those provided in Section III of the policy. In that event, the amount payable under this endorsement is the amount by which this coverage exceeds those described in Section III of the policy; and
3. Subject to number 2 above, in no event shall the total amount payable under both this coverage and the supplemental coverage in Section III of the policy exceed the daily limit of coverage provided by this endorsement.

Reimbursement for rental charges shall end the earliest of when the **owned auto** has been:

1. Returned to **you;** or
2. Repaired; or
3. Replaced; or
4. Deemed a total loss by us:
   (a) Seventy-two (72) hours after we pay the applicable limit of liability under Section III; or
   (b) Seventy-two (72) hours after our initial settlement offer;
   whichever comes first.

However, when there is a total theft of an **owned auto**, reimbursement for rental charges shall end the earliest of:

1. The date the auto is returned to use if the vehicle is recovered before payment of the total theft claim to **you** or the owner of the vehicle; or if the vehicle is not recovered,
2. Seventy-two (72) hours after our initial settlement offer of the **actual cash value** of the **owned auto**.
3. Seventy-two (72) hours after the failure to provide either a proof of loss or recorded statement if requested by us.

No deductible applies to this coverage.

CONDITIONS

In the case of theft of the entire auto, the **insured** must promptly notify the police that the vehicle was stolen. To be eligible as a covered **loss**, the police report must acknowledge and classify the report as theft of a motor vehicle. The **insured** must cooperate fully: with the policy investigation, with the prosecution of any person(s) charged with theft and any civil suit brought by us against the person(s) responsible to recover for the **loss.**

The coverage provided by this endorsement is subject to all the provisions and conditions of SECTION III of the policy.

The COMPANY affirms this endorsement.

W. C. E. Robinson
Secretary

Todd A. Combs
President

A-431 (05-11)

**New Business** Page 48 of 48